$5/
Rcpt No
FW027646

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 22 2016

CLERK, U.S. DISTRICT COURT
By_____
        Deputy
```

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

4:16-CV-1067-Y

|  |  |
|---|---|
| __Russell Don Johnson__ | Wynne Unit, Texas Department of Criminal Justice |
| PETITIONER | CURRENT PLACE OF |
| (Full name of Petitioner) | CONFINEMENT |
|  | __855572__ |
|  | PRISONER ID NUMBER |
|  | __11154__ |
| __William Stephens__ | CASE NUMBER |
| RESPONDENT | (Supplied by the District Court Clerk) |
| (Name of TDCJ Director, Warden, Jailor, or |  |
| authorized person having custody of Petitioner) |  |

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.      Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.      Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.      Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.      Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

A judgment of conviction or sentence,     (Answer Questions 1-4, 5-12 & 20-25) probation or deferred-adjudication probation.

A parole revocation proceeding.     (Answer Questions 1-4, 13-14 & 20-25) A disciplinary proceeding.     (Answer Questions 1-4, 15-19 & 20-25)

Other: _____ Illegal Cumulation _____     (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.      Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

      _____ 29th District Court _____

      _____ Palo Pinto,Texas _____

2.      Date of judgment of conviction: _____ 12-14-1998 _____

3.      Length of sentence: _____ 30 years _____

4.      Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____ 11154,10690 _____

5. What was your plea? (Check one)  Not Guilty       Guilty  Nolo Contendere

6. Kind of trial: (Check one)  Jury       Judge Only

7. Did you testify at trial?     Yes  No

8. Did you appeal the judgment of conviction?     Yes       No

9. If you did appeal, in what appellate court did you file your direct appeal?

   <u>11th District Court of Appeals</u>          Cause Number (if known): <u>11-99-00001-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed)? <u>Affirmed</u>

   What was the date of that decision? <u>01-04-2001</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _____

   _____

   Result: _____

   Date of result: _____     Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  Yes       No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: <u>Court of Criminal Appeals of Texas</u>

    Nature of proceeding: <u>Writ of Habeas Corpus 11.07</u>

    Cause number (if known): <u>Wr-85-188-01</u>

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: 06-03-2016_____

Grounds raised: ___Improper and Invalid sentence cumulation_____

_____

Date of final decision: ___09-21-2016_____

What was the decision? ___Denied without written order_____

Name of court that issued the final decision: __Court of Criminal Appeals of Texas____

  As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.  Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   Yes     No

  (a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

  _____

  (b)   Give the date and length of the sentence to be served in the future: _____

  _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?     Yes  No

**Parole Revocation:**

13.     Date and location of your parole revocation: _____

14.     Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  Yes     No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?
        Yes     No

16.     Are you eligible for release on mandatory supervision?     Yes     No

17.     Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

        _____

        Disciplinary case number: _____

        What was the nature of the disciplinary charge against you? _____

18.     Date you were found guilty of the disciplinary violation: _____
        Did you lose previously earned good-time days? Yes     No
        If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

        _____
        _

        Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

        _____
        _____
        _
        _____
        _

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
        Yes     No
        If your answer to Question 19 is "Yes," answer the following:

        Step 1 Result: _____

            Date of Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available statecourt remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.   **GROUND ONE:** _Illegal Cumulation Order_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_On 12-15-1998, I was sentenced to 30 years by jury. The judge passed sentence later that afternoon, 30 years, in open court without mention of cumulation at time or anywhere in my trial. Proceedings ended.  On 12-16-1998 a written judgement was brought to me which had a cumulation order on it. My sentence was imposed to and began to run on 12-15-1998.  Texas Prison ran my sentences concurrent and I only had 30 years for 17 ½ years.  I was granted Parole on this sentence on 06/24/2015. 8 days after leaving Pre-release facility, my file was audited and this Illegal Cumulation was found. My sentences were cumulated 17 ½ years later and being my 10 year sentence came first, I was forced to do this sentence day for day without seeing Parol. This Illegal Cumulation wasn't challenged previously because for the past 17 ½ years the state had ran my case as concurrent at 30 years.  I saw Parole twice on this 30 year sentence before it was cumulated.  After my trial was over, and of my presence, my sentence was cumulated, denying me due process and right to be heard._____

B.   **GROUND**                                                                                          **TWO:**
_____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

C.    **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

D.    **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.    Relief sought in this petition:

Illegal cumulation of order be removed and Petioners sentences be ran concurrent with eligibility for parole reinstatement._____

_____

_____

_____

_____

_____

_____

22.     Have you previously filed a federal habeas petition attacking the same conviction, parole
        revocation or disciplinary proceeding that you are attacking in this petition?     Yes  No
        If your answer is "Yes," give the date on which each petition was filed and the federal court in
        which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b)
        dismissed with prejudice, or (c) denied.

        _____

        _____

        If you previously filed a federal petition attacking the same conviction and such petition was
        denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a
        second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?     Yes    No

23.     Are any of the grounds listed in question 20 above presented for the first time in this petition?
        Yes        No
        If your answer is "Yes," state briefly what grounds are presented for the first time and give your
        reasons for not presenting them to any other court, either state or federal.

        _____

        _____

        _____

24.     Do you have any petition or appeal now pending (filed and not yet decided) in any court, either
        state or federal, for the judgment you are challenging? Yes        No
        If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07
        application, or federal habeas petition), the court in which each proceeding is pending, and the
        date each proceeding was filed. _____

25.     Give the name and address, if you know, of each attorney who represented you in the following
        stages of the judgment you are challenging:

        (a)     At preliminary hearing: Robert Watson _____

        (b)     At arraignment and plea: Robert Watson _____

        (c)     At trial: Robert Watson _____

        (d)     At sentencing: Robert Watson _____

        (e)     On appeal: Robert Watson _____

        (f)     In any post-conviction proceeding: Pro-se _____

        (g)     On appeal from any ruling against you in a post-conviction proceeding: Pro-se_____

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
       one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
       2244(d) does not bar your petition.[1]

       <u>The date on which the factual predicate of the claim presented could have been discovered
       through exercise of due diligence was 12-8-2015, my sentence from 12-15-1999 was not
       cumulated until 12-8-2015, my sentence from 12-15-1999 was not cumulated until 12-8-2015,
       this is the date that I was made aware of the Illegal Cumulation and the one year statute of
       limitations should run from 12-8-2015 to 12-8-2016</u>

---

[1]
        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
           custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of
               the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the
               Constitution or laws of the United States is removed, if the applicant was prevented from filing by
               such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if
               the right has been newly recognized by the Supreme Court and made retroactively applicable to
               cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered
               through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with
           respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
           under this subsection.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on ___10-14-16___ (month, date, year).

Executed (signed) on ___10-14-16___ (date).


_Russell Johnson_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Memorandum of Law
In Support of Petitioners
Writ of Habeas Corpus 22.54

I Russell Don Johnson would give the court the following cases, exhibits, and Points of Law to support my claim for Relief.

Attatched as Exibit 1 will be pages 112-113 of the Reporters Record from Petitioners Punishment Phase on 12-15-1998. This clearly Shows a sentencing by Judge & Jury of 30 years, no cumulation. My trial Ended there.

Attatched as Exhibit 2 will be petitioners final Judgement, filed 12-16-1998, the next day, to include a cumulation order.
    In Grays vs. state, (APP 14th Dist. 2009) 291 sw 3d. 555 it states "once a defendent is removed from the courtroom and begins serving his sentence, it is too late to cumulate the sentence Just Imposed with an earlier one.

An order or cumulation of sentences entered after sentence has been imposed and the defendent has suffered Punishment therefore is Null and Void. Ex Parte Guerrero (Cr. APP 1970) 521

Judgement imposing consecutive sentences, despite an earlier pronouncement of concurrent Sentences, violated due process, rights to Notice and an opportunity to be heard. USCA Const. Amend 14   Ex parte Madding 705 SW 3d 136

Order Cumulating sentences for defendant convicted of two or more sentences may not be entered once defendant has begun to serve his sentence

Ex parte Barley (Cr. App 1992) 842 sw 2d 694

If a trial court wishes to cumulate a defendants sentences, it must order at the time and place that sentence is orally pronounced Grays V. State 291 sw 3d 555

A defendants sentence commences on the day it is pronounced by the trial court. Tex. Code crim. Proc. Ann. art. 42.09 (Supp 2008)

Sentencing for a felony offense must be pronounced in the defendants presence. Tex. Code crim. Proc. Ann. art. 42.03 (Supp 2008) Tex. Code Crim. Proc. Ann. art. 42.14 (2006)

However, an improper cumulation order is considered to be a void sentence, and such error cannot be waived Laporte V. State 840 sw 2d 412, 415

These Points of Law, and the record I attached as Exibits 1 and 2, clearly show there was no oral pronouncement of cumulation, at my sentencing or anywhere in my trial. As required in Ex Parte Madding. See ex parte Madding 70 sw 3d at 136.

I ask that these Exhibits and Points of law be taken into consideration in support of Petitioners claim for Relief.

Respectfully Submitted
Kidall Johnson

OFFICIAL BUSINESS P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PRESORTED
FIRST CLASS

U.S POSTAGE PITNEY BOWES
ZIP 78701 $ 000.26³
02 1W
0001401603 SEP 23 2016

**9/21/2016**
**JOHNSON, RUSSELL DON   Tr. Ct. No. 11154A**                    **WR-85,188-01**
This is to advise that the Court has denied without written order the application for
writ of habeas corpus on the findings of the trial court without a hearing.

Abel Acosta, Clerk

RUSSELL DON JOHNSON
WYNNE UNIT - TDCJ# 855572
810 FM 2821
HUNTSVILLE, TX  77349

A1.1.18T

IN3B  77320

CSITSC35              T.D.C.J. - INSTITUTIONAL DIVISION            01/29/16
INQUIRE REMARKS           INMATE COMMITMENT SYSTEM                 07:21:50

TDCJID NO.  :  00855572                    REARREST DATE:  01 01 0001
SID NUMBER  :  05772177                     TDCJ-ID RECV:  01 21 1999
NAME        :  JOHNSON,RUSSELL DON         RECORD NUMBER:  01
       REMARKS: QWA 11-30-2015 (RED)


          12-8-15: SENT FOR AUDITOR CORRECTION
                     JF                     AJ

          12-08-2015. PER AUDIT CORR, THIS IS A CU CASE
                     CAUSE #10690 CTO 04/19/2008. CAUSE
                     #11154 SBD 12/07/2007 WILL BE ELIG
                     FOR PAR AND SCH FOR REV 12/2022 PEND
                     BPP VOTE ON THAT CAUSE.
          JF         MAX: 12/06/2037.



OPTION===>  __   TDCJID-NUMBER: _____  OR  SID NUMBER: _____
FIRST REMARK RECORD

1    somewhere in that range, 40 to 99 years would be

2    appropriate for this much violence.  Thank you very much.

3              THE COURT:  Will you go with the bailiff

4    again to the jury room, ladies and gentlemen?

5                   (Jury out at 1:01 p.m. to

6                    deliberate on punishment.)

7                   (Jury in at 3:20 p.m.)

8              THE COURT:  All right.  Mr. Barrett, has the

9    jury reached a verdict?

10             PRESIDING JUROR:  Yes, sir, we have.

11             THE COURT:  We, the jury, having found the

12   defendant, Russell Don Johnson, guilty of the offense of

13   aggravated robbery as alleged in the indictment, assess his

14   punishment at 30 years confinement and no fine.  Is that

15   the unanimous verdict of the jury and so say you all?

16             THE JURY:  It is.

17             THE COURT:  I will accept your verdict in

18   the case, ladies and gentlemen.  I appreciate your service

19   in this case and your willingness to help us this week.

20   You were sworn to secrecy at the beginning of the trial;

21   you're now released from that oath.  You may discuss this

22   case or not discuss it as you see fit.  Your checks will be

23   mailed to you.  If any of you need a certificate for your

24   employer, you may get one in the clerk's office.  Again,

25   thank you very much and merry Christmas.

                                                      112

KIM A. BROOKS, OFFICIAL COURT REPORTER

JUDGMENT
ON
JURY
VERDICT
OF
GUILTY
PUNISHMENT
FIXED
BY
COURT
R
URY
O
ROBATION
RANTED
iled
/16/98

CAUSE NO. 11154

STATE OF TEXAS          *        IN THE DISTRICT COURT

VS.                     *        PALO PINTO COUNTY, TEXAS

RUSSELL DON JOHNSON      *        29TH JUDICIAL DISTRICT

JUDGMENT ON JURY VERDICT OF GUILTY
PUNISHMENT FIXED BY COURT OR JURY – NO PROBATION GRANTED

Judge Presiding:  Honorable David Cleveland

Date of Judgment: December 14, 1998

Attorney for State:  Jerry D. Ray, District Attorney

Attorney for Defendant:  Robert F. Watson, Appointed

Offense Convicted of:  Aggravated Robbery, an offense described and defined in Art. 42.12 Sec. 3g(a)(1)(F), Texas Code of Criminal Procedure

Degree of Offense:  First Degree Felony

Date Offense Committed:  July 28, 1998

Charging Instrument:  Indictment

Plea:  Not Guilty

Jury Verdict:  Guilty

Presiding Juror:  Jackie L. Barrett

Plea to Enhancement Paragraph(s):  N/A

Jury Verdict on Enhancement Paragraph(s);  N/A

Findings on Use of Deadly Weapon:  Affirmative, to-wit: a pipe wrench which in the manner of its use or intended use is capable of causing death or serious bodily injury.

Punishment Assessed By:  Jury

FILED
DEC 1 6 1998
HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT 10:50 PM-AM

VOL. 48   PAGE 803

Date Sentence Imposed: December 15, 1998

Costs: $206.25 court costs

Punishment and Place of Confinement:  Thirty (30) years I.D.T.D.C.J.

Date to Commence: December 15, 1998

Time Credited: August 3, 1998 thru December 15, 1998 = 135 days

Concurrent Unless Otherwise Specified:  Which said punishment shall not begin until the defendant successfully completes and receives full credit for the ten (10) years punishment assessed in Cause No. 10690 styled State of Texas vs. Russell Don Johnson in the 29th Judicial District Court of Palo Pinto County, Texas.

Total Amount of Restitution: $206.25

Restitution to be paid to:

On the 14th day of December, 1998, this cause was called for trial, and the State appeared by the above named attorney, and the Defendant appeared in person in open Court, the above named counsel for Defendant also being present, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant is mentally competent to stand trial, both parties announced ready for trial and thereupon a jury, to-wit, the above named presiding juror and eleven others were duly selected, impaneled and sworn, and the Indictment was read before the jury and the Defendant's plea thereto was entered as shown above, and the evidence having been submitted, and the jury having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into open Court, the Defendant and Defendant's counsel being present, and returned into open Court the verdict set forth above, which was received by the Court and is herenow entered upon the minutes of the Court as shown above.

Thereupon, the Defendant elected to have punishment assessed by the jury and the jury was called back and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question, and after having deliberated, they returned into Court the verdict shown under punishment above.

IT IS, THEREFORE, ADJUDGED AND ORDERED by the Court, in the presence of the Defendant and his attorney, that the said verdict be, and the same is hereby in all things approved and confirmed, and the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and it is adjudged that said Defendant is sentenced in open Court, he and his attorney being present, to a term of imprisonment, as set forth above, and it is ordered that said Defendant shall be delivered by the Sheriff of this county to the Director of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas, or other person legally authorized to receive such convicts, to serve the punishment assessed herein, and the said

VOL. 45   PAGE 804

Defendant shall be confined in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty (30) years in accordance with the provisions of law governing such punishment and according to the rules and regulations of the Institutional Division of the Texas Department of Criminal Justice.

And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment and order herein.

Fingerprint from right/~~left~~ thumb
Of Defendant:



_____
PRESIDING JUDGE

_December 16, 1998_
DATE

Notice of Appeal:

_____

1    somewhere in that range, 40 to 99 years would be

2    appropriate for this much violence.  Thank you very much.

3                    THE COURT:  Will you go with the bailiff

4    again to the jury room, ladies and gentlemen?

5                        (Jury out at 1:01 p.m. to

6                         deliberate on punishment.)

7                    (Jury in at 3:20 p.m.)

8                    THE COURT:  All right.  Mr. Barrett, has the

9    jury reached a verdict?

10                   PRESIDING JUROR:  Yes, sir, we have.

11                   THE COURT:  We, the jury, having found the

12   defendant, Russell Don Johnson, guilty of the offense of

13   aggravated robbery as alleged in the indictment, assess his

14   punishment at 30 years confinement and no fine.  Is that

15   the unanimous verdict of the jury and so say you all?

16                   THE JURY:  It is.

17                   THE COURT:  I will accept your verdict in

18   the case, ladies and gentlemen.  I appreciate your service

19   in this case and your willingness to help us this week.

20   You were sworn to secrecy at the beginning of the trial;

21   you're now released from that oath.  You may discuss this

22   case or not discuss it as you see fit.  Your checks will be

23   mailed to you.  If any of you need a certificate for your

24   employer, you may get one in the clerk's office.  Again,

25   thank you very much and merry Christmas.

                                                           112

1          (Jury dismissed at 3:21 p.m.)

2          THE COURT:  All right.  Any reason why the

3   defendant should not now be sentenced, Mr. Watson?

4          MR. WATSON:  No, Your Honor.

5          THE COURT:  You having been found guilty,

6   Mr. Johnson, by jury verdict of the offense of aggravated

7   robbery, the Court having accepted that verdict, the jury

8   having assessed punishment at 30 years confinement in the

9   Institutional Division of the Department of Criminal

10  Justice, and the Court having accepted that verdict, it is

11  therefore the judgment of the Court that you're guilty of

12  the offense alleged in the indictment, aggravated robbery,

13  and you're sentenced to confinement in the Institutional

14  Division for 30 years.  You're given credit on that

15  sentence as required by law for the time you've been in

16  jail since you were arrested for this offense.  Your

17  custody is remanded to the sheriff.

18          MR. WATSON:  Thank you, Your Honor.

19

20

21

22          (Whereupon, the proceedings were concluded.)

23

24

25

                                                   113

## FORMS OF VERDICT

We, the jury, having found the defendant, Russell Don Johnson, guilty of the offense of aggravated robbery, as alleged in the indictment, now assess his punishment at _____ 30 YEARS _____

(Write in Life, or any term of not more than 99 years or less than 5 years.)

confinement in the Institutional Division of the Texas Department of Criminal Justice.

We also assess a fine of $ ___ NoNe ___

(Fill in amount or "none.")


_Jackie L. Bennett_
PRESIDING JUROR

Verdict accepted December 15, 1998
at 8:25 p.m.

_David Cluald_

34



RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2016 NOV 21 PH 12: 43

CLERK OF COURT

113 Lori Dr
eral Wells, TX 76067

United States District Court
601 W 10th St. Room 310
Fort Worth, TX 76102-3673

U.S. POSTAGE
MINERAL WELLS, TX
NOV 17, 16
AMOUNT
$2.20
76102
R2305E123588-02