CAUSE NO. 11-99-00001-CR

IN THE COURT OF APPEALS
OF THE STATE OF TEXAS

ELEVENTH COURT OF APPEALS DISTRICT
EASTLAND, TEXAS

RUSSELL DON JOHNSON,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee

Appeal in Cause No. 11,154
in the 29th Judicial District
Palo Pinto County, Texas

BRIEF FOR APPELLEE

JERRY D. RAY
DISTRICT ATTORNEY
SBN: 16604500
29th Judicial District
Palo Pinto County, Texas
P.O. Box 340
Palo Pinto, Texas 76484
(940)659-1251
(940)659-3885 fax

FILED
IN COURT OF APPEALS
ELEVENTH DISTRICT

OCT 2 3 2000

SHERRY WILLIAMSON, CLERK
By _____ Deputy

## TABLE OF CONTENTS

Index of Authorities ..................................................................................................ii

Counterpoints, Arguments and Authorities
to Appellant's Points of Error

    First Point of Error..........................................................................................1

    Second Point of Error......................................................................................3

    Third Point of Error.........................................................................................5

Conclusion and Prayer..............................................................................................6

Certificate of Service.................................................................................................7

# INDEX OF AUTHORITIES

*Texas Cases*

*Akbar v. State*, 660 S.W.2d 834, 837 (Tex.Crim.App.1983)..................................................5

*Clewis v. State*, 922 S.W.2d 126 (Tex.Cr.App.1996)........................................................1,3

*Creel v. State*, 754 S.W.2d 205, 210 (Tex.Crim.App.1988)...............................................5

*Gillum v. State*, 792 S.W.2d 745, 747-748 (Tex.Cr.App.1990)..........................................5

*Lincecum v. State*, 736 S.W.2d 673, 681 (Tex.Crim.App.1987),
cert. denied, 486 U.S. 1061, 108 S.C.t 2835, 100 L.Ed.2d 936 (1988)..............................5

*Lyman v. State*, 540 S.W.2d 711, 713 (Tex.Crim.App.1976)............................................2

*Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990)...................................4

*Mozon v. State*, 991 S.W.2d 841, 846 (Tex.Crim.App.1999)............................................4

*Rodriguez v. State*, 508 S.W.2d 80 (Tex.Crim.App.1974)..................................................2

*State v. Morin*, 960 S.W.2d 132 (Tex.App.-Corpus Christi 1997, no pet.)......................3-4

*Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980).......................................................5

*Constitutional, Statutory and Rule Authority*

Tex. Penal Code §22.02...................................................................................................5

Tex. Penal Code §29.02...................................................................................................1

Tex. Penal Code §29.03...................................................................................................1

Tex. Code Crim. P. art 37.08............................................................................................5

Tex. R. Evid. Rule 401....................................................................................................4

Tex. R. Evid. Rule 403....................................................................................................4

## COUNTERPOINTS, ARGUMENTS AND AUTHORITIES
## TO APPELLANT'S POINTS OF ERROR

### COUNTER ARGUMENT TO APPELLANT'S
### FIRST POINT OF ERROR

#### Argument and Discussion

In his first point of error, Appellant complains that the evidence is factually insufficient to convict him of the offense of aggravated robbery. See Tex. Penal Code §29.03. In order to determine if the evidence is factually sufficient, this Court should review all of the evidence and determine whether the verdict is so against the great weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr.App.1996).

Under Tex. Penal Code Ann. §29.03, a person commits an offense:

if he commits robbery as defined in Section 29.02, and he

(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:

65 years of age or older; or

a disabled person.

An offense under this section is a felony of the first degree. Tex. Penal Code §29.02 provides that a person commits an offense if he unlawfully appropriates property with intent to deprive the owner and intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Appellant also alleges that there was no testimony absent accomplice testimony that proves he committed the robbery. However, possession by the accused of fruits of

1

the crime tends to connect him with the commission of the crime. *Lyman v. State,* 540 S.W. 2d 711, 713 (Tex.Crim.App.1976). Corroborative testimony need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Id.* In *Rodriguez v. State,* 508 S.W. 2d 80 (Tex.Crim.App.1974), the Court of Criminal Appeals held that evidence which placed defendant in the company of the accomplice witness at the right location and testimony as to a description of an assailant that was consistent with the accused, was sufficient to corroborate the accomplice testimony. *Id.*

The record shows that on July 28, 1998, 71-years old Jimmie Pontremoli, the victim, was operating his junk store in Mineral Wells, Palo Pinto County, Texas. (R.R. IV, 37). That day the Appellant and a friend, Jason Smith, came into the store looking for a socket. (R.R. IV, 38). While discussing the item with Pontremoli, the victim remarked about the Appellant's appearance. (R.R. IV, 40). Nothing further was said and the Appellant and Smith left to get some money. (R.R. IV, 40). They later returned with ten dollars to buy the socket. (R.R. IV, 40). While the victim was giving Smith his change, Appellant picked up a 36 inch pipe wrench and swung it at the victim's head. (R.R. IV, 43-46, 49, 72-76).

Pontremoli raised his arm in self-defense and blocked the blow. (R.R. IV, 49). The victim fell down and dropped his money on the counter. (R.R. IV, 51). The Appellant and Smith ran out of the store and drove off. (R.R. IV, 51). The victim went immediately to the police station and then to the hospital. (R.R. IV, 51). The victim was treated for a fractured ulna and was released. (R.R. IV, 31). Upon returning to his store, he discovered that money was missing. Appellant knew that no one had been in the store after the Appellant and Smith had left. (R.R. IV, 52-53).

2

Smith's testimony was corroborative of the victim's. He testified that when the appellant and him left the store to go get the money, the Appellant was very upset by the victim remarks concerning his clothing. (R.R. IV, 71). He also testified that he had no knowledge that the Appellant was going to rob and assault the victim. (R.R. IV, 76). After the Appellant had hit the victim, Smith stated that he grabbed the socket wrench and ran. (R.R. IV, 75). Smith saw the Appellant grab the money and, later, the Appellant showed him and another friend the money he had taken from the victim. (R.R. IV, 74). The Appellant even gave Smith ten dollars to repay him the money that Smith was out because the victim had not been able to complete the sale of the socket wrench. (R.R. IV, 75)

In reviewing the great weight of the evidence, there is ample evidence to support the jury's determination and the verdict was not clearly wrong and unjust. *Clewis, supra.* Appellant committed robbery and threatened or placed a person over the age of 65 in fear of imminent bodily injury. Appellant's first point of error should be overruled.

## COUNTER ARGUMENT TO APPELLANT'S SECOND POINT OF ERROR

### Argument and Discussion

In his second point of error, appellant asserts that the trial court erred in admitting, over objection, testimony regarding a witness Michael Dewayne Blair who was subpoenaed and failed to appear for trial. Appellant cites us to *State v. Morin*, 960 S.W.2d 132 (Tex.App.-Corpus Christi 1997, no pet.) claiming this to be an inadmissible hearsay error.

However, the objection at trial was not as to hearsay:

3

MR. WATSON: Your honor, if I may, let me object to that. I don't see that that's relevant. As far as procedural matter with the State of Texas or the District Attorney's office and Mineral Wells PD, I think that's immaterial and irrelevant, a subpoena being served as a fact to this case. We're going to object to that.

TRIAL COURT: All right. Overruled. I'll hear it.

(R.R. IV, 91).

Appellant's objection was to relevance, Tex. R. Evid. Rule 401. Moreover, he did not pursue this error by objection under Rule 403 as well. So his argument that the evidence was irrelevant was not accompanied by an argument concerning the probative value versus the danger of unfair prejudice. Arguendo, we assume that there was no prejudice in allowing this brief testimony. In *Mozon v. State*, 991 S.W.2d 841, 846 (Tex.Crim.App.1999), the Court held that a balancing test need not be applied where the opponent has not based his objection upon Rule 403. Appellant's objection at trial does not comport with his argument on appeal and his error has not been properly preserved. Moreover, questions of relevance should be left largely to the trial court, relying on its own observations and experience, and should not be reversed absent an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990). It is evident that this evidence was relevant to show that the State had exercised due diligence in securing all possible information, testimony and evidence relevant to prosecuting the accused. For this reason, Appellant's second point of error should not be sustained.

Additionally, even reaching his argument of hearsay, there is no hearsay contained within this testimony because the officer did not testify as to any statements or information obtained from the absent witness. Compare *Morin, supra*. Appellant's argument fails under this analysis

4

as well. Appellant's second point of error should be overruled.

## COUNTER ARGUMENT TO APPELLANT'S THIRD POINT OF ERROR

### Argument and Discussion

In his third point of error, appellant alleges that the trial court erred in refusing Appellant's request for a jury charge on the lesser included offense of aggravated assault. Appellant asserts that there was not testimony or evidence to prove that he committed a theft and therefore his conduct amounted to no more than aggravated assault. See Tex. Penal Code §22.02 and Tex. Code Crim. P. Ann. art 37.08.

In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Akbar v. State*, 660 S.W.2d 834, 837 (Tex.Crim.App.1983). See also *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980). Evidence that the lesser offense is included within the proof of the greater offense does not automatically warrant a jury charge on the lesser offense. *Gillum v. State*, 792 S.W.2d 745, 747-748 (Tex.Cr.App.1990). See *Lincecum v. State*, 736 S.W.2d 673, 681 (Tex.Crim.App.1987), cert. denied, 486 U.S. 1061, 108 S.C.t 2835, 100 L.Ed.2d 936 (1988). Rather, the evidence must show that the appellant, if guilty, is guilty only of that lesser offense. *Id. Creel v. State*, 754 S.W.2d 205, 210 (Tex.Crim.App.1988).

In looking at the record, the evidence is clear that a robbery occurred. There was

5

evidence concerning the identification of the person who swung a 36-inch pipe wrench at the victim. (R.R. IV, 43). That the wrench was aimed at and would have struck the victim's head but for the raised forearm that took the blow. (R.R. IV, 49). That the victim determined that $50-60 dollars was missing after the appellant's departure. (R.R. IV, 52, 74). As of the trial date, the victim testified that the money had still not been returned. (R.R. IV, 54). There is sufficient evidence to prove that a robbery occurred. The State's evidence clearly indicates that a robbery occurred. The Appellant did not distinguish any controverting evidence that a robbery did not occur. Therefore, the evidence does not show that if the Appellant is guilty of an offense that it is only the lesser offense of aggravated assault.

## CONCLUSION AND PRAYER

In conclusion, Appellee believes that after reviewing the record, appellant's points of error are not supported by the facts and as such should be overruled.

WHEREFORE, PREMISES CONSIDERED, Appellee prays this Honorable Court overrule appellant's points of error and affirm the judgment of the trial court.

Respectfully Submitted,

JERRY D. RAY
DISTRICT ATTORNEY
SBN: 16604500
29th Judicial District
Palo Pinto County, Texas
P.O. Box 340
Palo Pinto, Texas 76484
(940)659-1251
(940)659-3885 fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2000, a true and correct copy of the foregoing instrument was mailed by U.S. Postal Mail to Mr. Robert F. Watson, Attorney for Appellant, P.O. Box 1308, Mineral Wells, Texas 76068.

_____
JERRY D. RAY

7