11-99-001-CR

# CLERK'S RECORD

VOLUME __I__ of __I__

Trial Court Cause No. __11,154__

In the __29TH DISTRICT__ (District or County) Court
of __PALO PINTO__ County, Texas

Honorable __DAVID CLEVELAND__ , Judge Presiding.

_____ RUSSELL DON JOHNSON _____ . Plaintiff(s)

vs.

_____ THE STATE OF TEXAS _____ , Defendant(s)

Appealed to the
(Supreme Court of Texas, at Austin, Texas,
or Court of Criminal Appeals of Texas at Austin, Texas,
or Court of Appeals for the __11TH__ District of Texas, at __EASTLAND__ , Texas).

Attorney for Appellant(s):
Name            __ROBERT F. WATSON__
Address         __PO BOX 1308, MINERAL WELLS, TX   76068-1308__
Telephone No.   __940/325-7511__
Fax No.         __940/325-7372__
SBOT No.        __20961000__
Attorney for:   __RUSSELL DON JOHNSON__ , Appellant(s)

Delivered to the (Supreme Court of Texas, at Austin, Texas,
or Court of Criminal Appeals of Texas at Austin, Texas,
or Court of Appeals for the __11TH__ District of Texas, at __EASTLAND__ , Texas)
on the __10TH__ day of __FEBRUARY__ , __1999__ .

_Judgment: 12-16-98_
_MNT: —_
_NOA: 12-29-98_
_Cert: yes_

Signature of Clerk __Linda B. Hunsinger, Deputy__
Name of Clerk   __HELEN SLEMMONS__
Title           __DISTRICT CLERK__

Apellate Court Cause No. __11-99-00001-CR__

Filed in the (Supreme Court of Texas, at Austin, Texas,
or Court of Criminal Appeals of Texas, at Austin, Texas,
or Court of Appeals for the __11TH__ District of Texas, at __EASTLAND__ , Texas)
this _____ day of _____ , _____ .

_____ , Clerk
By _____ , Deputy

FILED
IN COURT OF APPEALS
ELEVENTH DISTRICT

FEB 11 1999

SHERRY WILLIAMSON, CLERK
By _____ Deputy

CAUSE NO. 11,154

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | PALO PINTO COUNTY, TEXAS |
| RUSSELL DON JOHNSON | § | 29TH JUDICIAL DISTRICT |

APPEAL INDEX

Instrument:                                                          Page No:

        Caption

1.  Indictment (Filed 10/15/98) ----------------------------- 1

2.  Criminal Docket Sheet ------------------------------------ 2 - 3

3.  Letter Appointing Mike Smiddy As Attorney (Filed 10/23/98)- 4

4.  Defendant's Motion For Discovery And Inspection (Filed
    10/29/98) -------------------------------------------------5 - 8

5.  Defendant's Request For Notice Of State's Intention To
    Introduce Evidence Of Other Crimes, Wrongs Or Acts (Adju-
    dicated Or Unadjudicated) In Punishment Pursuant To Article
    37.07 C.C.P. (Filed 10/29/98) --------------------------- 9 - 10

6.  Motion To Produce Exculpatory And Mitigating Evidence
    (Filed 11/2/98) ----------------------------------------- 11

7.  Letter Appointing Robert Watson As Attorney (Filed
    11/24/98) ----------------------------------------------- 12

8.  Motion For Discovery, Production And Inspection Of Evidence
    No. 1 (Filed 12/2/98) ---------------------------------- 13 - 20

9.  Rule 404(b) Request For Notice Of Intent To Offer Extra-
    neous Conduct (Filed 12/2/98) -------------------------- 21 - 22

10. Defendant's Request For Notice Of State's Intention To
    Introduce Evidence Of Other Crimes, Wrongs Or Acts (Adju-
    dicated Or Unadjudicated) In Punishment Pursuant To Artlcle
    37.07 C.C.P. (Filed 12/2/98) --------------------------- 23 - 24

11. Notice Of Election To Have Jury Assess Punishment (Filed
    12/2/98) ----------------------------------------------- 25

12. Charge Of The Court And Forms Of Verdict (Filed 12/14/98)-- 26 - 31

Instrument:                                                                                    Page No:

13.  Charge Of The Court On Punishment And Forms Of Verdict
     (Filed 12/15/98) ------------------------------------------ 32 - 34

14.  Exhibit List (Filed 12/15/98) ----------------------------- 35

15.  Judgment On Jury Verdict Of Guilty Punishment Fixed By
     Court Or Jury - No Probation Granted (Filed 12/16/98) ----- 36 - 38

16.  Notice Of Appeal (Filed 12/29/98) ------------------------- 39 - 40

17.  Docketing Certificate (Filed 1/6/99) ---------------------- 41

18.  Clerk's Certification Of Record --------------------------- 42

The State of Texas     )(
County of Palo Pinto   )(

CAPTION

In the 29th Judicial District Court of Palo Pinto County, Texas, the Honorable DAVID CLEVELAND, Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to-wit:

Cause No.   11,154

| STATE OF TEXAS | )( | IN THE 29TH JUDICIAL COURT |
|---|---|---|
| | )( | |
| | )( | |
| VS | )( | |
| | )( | |
| | )( | |
| | )( | |
| RUSSELL DON JOHNSON | )( | PALO PINTO COUNTY, TEXAS |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

The Grand Jury of Palo Pinto County, State of Texas, duly organized at the June term, A.D. 1998, of the District Court of the said county, in said court at said term, do present that

INDICTMENT                    RUSSELL DON JOHNSON, the defendant

Filed

10/15/98

on or about the 28th day of July A.D. 1998, in said county and State, did then and there, while in the course of committing theft of property and with intent to obtain and maintain control of said property, intentionally, knowingly and recklessly cause bodily injury to Jim Pontremoli, a person 65 years of age or older, by striking him in the arm with a wrench AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
FOREMAN OF ~~THE~~ GRAND JURY

WITNESSES:

CAUSE NO. _11,154_

AGGRAVATED ROBBERY

FILED

OCT 1 5 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _____ PM-AM

1

PALO PINTO COUNTY, TEXAS

# CRIMINAL DOCKET

372      BEAR GRAPHICS, INC.

**No. 11,154**

CRIMINAL

DOCKET

SHEET

| Number of Case | | STYLE OF CASE | ATTORNEYS | | OFFENSE | | | | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11,154 | | THE STATE OF TEXAS | JERRY D. RAY | | AGGRAVATED ROBBERY | | | | Month | Day | Year |
| | | vs. | | State | | | | | 10 | 15 | 1998 |
| | | RUSSELL DON JOHNSON | | | | | | | | | |
| FEE BOOK | | | | | | | | | Indictment | | |
| Vol. | Page | | | Defendant | | | | | | | |
| 4 | 635 | | | | | | | | | | |

| DATE OF ORDERS | | Was Stenographer Used? | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | JUDGE DAVID CLEVELAND | Vol. | Page | |

| Month | Day | Year | |
|---|---|---|---|
| 10 | 23 | 98 | △ w/o atty. Trile Smiley appointed |
| 12 | 4 | 98 | None for assurity |
| 12 | 14 | 98 | △ w/atty. - ready - arraigned |
| | | | Voir dire - Jury panel sworn & qualified |
| | | | Jury selected, instructed, sworn |
| | | | M. in Limine #1 by △ - granted |
| | | | M. in Limine #2 by △ - granted |
| | | | Indictment read. △ plead Not Guilty. |
| | | | Opening statement by State - Evidence |
| | | | State rested. Evidence by defense - |
| | | | Evidence closed. Charge submitted to atty. |
| | | | No objections by state. △ Agreed there offered |
| | | | charge on aggravated assault. Charge read to jury |

THE STATE OF TEXAS

Vs.

No. _____

| Date of Orders | | | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol | Page | |
| 12 | 15 | 92 | Arguments. Jury retired to deliberate at 9:10 a.m. Jury returned with its verdict at 9:45 finding the Δ guilty. Verdict accepted. Punishment Punishment phase. Parties ready. Opening statement by state. Evidence by state & defense. Evidence closed. Charge submitted to attys. No objections. Charge read to jury. Arguments. Jury retired to deliberate punishment at 11:05 P.M. Jury returned with its verdict at assessing punishment at 3.30 ____ punishment at 30 years confinement. Verdict accepted. | 45, | 791-799 | |
| | | | | 45, | 802-804 | |

3

## TWENTY NINTH JUDICIAL DISTRICT COURT

**David Cleveland**
**Judge**

**PALO PINTO COUNTY, TEXAS**

**Kim Brooks**
**Court Reporter**

P.O. BOX 187
PALO PINTO, TEXAS 76484
(940) 659-1274

<u>LETTER</u>

<u>APPOINTING</u>

<u>MIKE</u>

<u>SMIDDY</u>          October 23, 1998

<u>AS</u>

<u>ATTORNEY</u>

Filed

10/23/98

**FILED**

OCT 2 3 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT ___2:00___ PM-AM

Mr. Mike Smiddy
Attorney at Law
P.O. Box 752
Mineral Wells, Texas 76068

In re:  Cause No. 11,154; State of Texas vs. Russell Don Johnson

Dear Mr. Smiddy:

I have this day appointed you to represent the defendant, Russell Don Johnson, in the above referenced cause.  A copy of the indictment is enclosed.  The defendant is in custody.

Very truly yours,

David Cleveland

DC:kab

cc:  Helen Slemmons, District Clerk
     Jerry Ray, District Attorney

4

Cause No. 11,154

STATE OF TEXAS

VS.

RUSSELL DON JOHNSON

IN THE DISTRICT COURT

PALO PINTO COUNTY, TEXAS

29TH JUDICIAL DISTRICT

**FILED**

OCT 2 9 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _____ 9:00 P.M.-AM

DEFENDANT'S
MOTION
FOR
DISCOVERY
AND
INSPEC-
TION

Filed
10/29/98

<u>DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION</u>

TO THE HONORABLE JUDGE OF SAID COURT;

Pursuant to the authority of Article 39.14, Texas Code of Criminal Procedure, the Defendant respectfully moves the Court to order the District Attorney to permit the Defendant and/or his attorney to inspect and copy or photograph the following tangible objects which are in the possession of the State of Texas or any agency thereof.

1. A copy of the complaint, and any warrant issued by any magistrate for the arrest, search and seizure of the Defendant and a copy of any records or notations, or docket book entries made by any magistrate, and any record made pursuant to any proceeding had in any magistrate's court or office, leading to, or following the arrest of the Defendant resulting in the prosecution of this cause.

2. A list, bearing the names of all officers who participated in any pre-arrest investigation of the Defendant for the offense now before the Court and all officers who participated in the arrest and subsequent investigation of this cause.

3. A list of all witnesses, who appeared before the Grand Jury, or whose statements or affidavits were presented for consideration by the Grand Jury which returned the indictment in this cause and a transcript of the testimony, statements or affidavits of said witnesses.

4. A list of the names and addresses of all prosecution witnesses and possible prosecution witnesses, including rebuttal witnesses, who are reasonably

5

expected by the prosecution to testify at any stage of the trial.

5. A copy of any and all statements, written or oral, made by the Defendant and reports made by prospective prosecution witnesses which are within the knowledge of or in the possession, custody, or control of the State or any of its agencies.

6. Medical records, and/or psychiatric reports made in any way in connection with the prosecution of the Defendant.

7. The criminal arrest and conviction records, if any, of the Defendant and of all witnesses who will testify for the State of Texas in this cause whether they be agents of the State of Texas or otherwise.

8. All laboratory, finger print or ballistic reports in any way connected with the prosecution of this cause.

9. All identification records made on the defendant in possession of the State.

10. All recordings, tape or otherwise, which contain purported conversations or statements of the Defendant.

11. All magnetic tapes, wires, records, transcripts or other devices for the capture or reproduction of sound containing the voice of the Defendant.

12. All photographs, moving films of any kind, or still pictures in any way connected with the Defendant in this cause.

13. Any and all physical evidence and or exhibits, of whatsoever nature, contained in the files of the Police Department of the City of Mineral Wells, Texas, the Palo Pinto County District Attorney's office, or other agents of the State, or in the possession of any witness which are reasonably expected by the State to be used and/or introduced at any stage of the trial.

14. A written specification of all prior misconduct and evidence of extraneous offense(s) which the State intends to use against the Defendant, which

specification should include the date, time, place, and nature of such misconduct and/or extraneous offense(s), in order to fully appraise and notify the Defendant of all such evidence and thus permit the Defendant adequate time to challenge its relevancy, materiality, and probative value prior to trial and to prepare a defense as to such State's evidence.

## I.

Each and every one of the above listed items is needed by the attorney for Defendant, in order to properly prepare for trial, but the tangible items sought and the information requested, if existent, are in the possession of agents of the State and cannot be examined or obtained prior to trial except by court order. Materiality of the items and information sought will be further shown at hearing on this Motion.

## II.

This Motion is made in good faith and not for the purpose of delay.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Motion be granted and that the Court order the District Attorney to divulge the information sought to attorney for Defendant and permit him to inspect and to copy or photograph evidence relevant to any matter involved in this cause and which are in the possession, custody or control of the State or any of its agents.

MIKE A. SMIDDY
Attorney for Defendant
2801 Highway 180 East #19
P. O. Box 752
Mineral Wells, Texas  76067
(940) 325-6671
State Bar # 18526450
FAX # (940) 325-0121

7

## CERTIFICATE OF SERVICE

On this the 28th day of October, 1998, I certify that a true copy of the above was mailed to the Honorable Jerry D. Ray, District Attorney, Palo Pinto County Courthouse, Palo Pinto, Texas 76484.

_____
MIKE A. SMIDDY

*8*

DEFENDANT'S
REQUEST
FOR
NOTICE
OF
STATE'S
INTENTION
TO
INTRODUCE
EVIDENCE
OF
OTHER
CRIMES,
WRONGS
OR
ACTS
(ADJU-
DICATED
OR
UNADJU-
DICATED)
IN
PUNISHMENT
PURSUANT
TO
ARTICLE
37.07
C.C.P.

Filed

10/29/98

Cause No. 11,154

STATE OF TEXAS

VS.

RUSSELL DON JOHNSON

IN THE DISTRICT COURT

PALO PINTO COUNTY, TEXAS

29TH JUDICIAL DISTRICT

**DEFENDANT'S REQUEST FOR NOTICE OF STATE'S
INTENTION TO INTRODUCE EVIDENCE OF OTHER CRIMES,
WRONGS OR ACTS (ADJUDICATED OR UNADJUDICATED)
IN PUNISHMENT PURSUANT TO ARTICLE 37.07 C.C.P.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant in the above-entitled and numbered cause and files this Defendant's Request for Notice of State's Intention to Introduce Evidence of other Crimes, Wrongs or Acts (Adjudicated or Unadjudicated) in Punishment Pursuant to Article 37.07 C.C.P. and in support thereof would show the Court as follows:

I.

That the Defendant has been indicted for felony offenses alleged to have occurred in Palo Pinto County, Texas.

II.

Defendant moves the Court to require the State to give notice in advance of trial of the State's intent to introduce evidence of other crimes, wrongs or acts (adjudicated or unadjudicated) in punishment pursuant to Article 37.07 C.C.P.

III.

Defendant specifically requests notice of the following:

(1) name of victim;
(2) date of alleged extraneous offense;
(3) county of the alleged extraneous offense;
(4) description of the alleged extraneous offense; and
(5) all witnesses to the alleged extraneous offense.

IV.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this

FILED

OCT 2 9 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT 9:00 PM-AM

9

Honorable Court require the State to announce its intent to introduce evidence of any extraneous offenses, the subject of this motion.

Respectfully submitted

MIKE A. SMIDDY
Attorney for Defendant
2801 Highway 180 East #19
P. O. Box 752
Mineral Wells, Texas  76067
(940) 325-6671
State Bar # 18526450
FAX # (940) 325-0121

### CERTIFICATE OF SERVICE

On this the 28th day of October, 1998, I certify that a true copy of the above was mailed to the Honorable Jerry D. Ray, District Attorney, Palo Pinto County Courthouse, Palo Pinto, Texas 76484.

MIKE A. SMIDDY

### ORDER

On this the _____ day of _____, 1998, the above Motion was presented and the same is hereby (granted) (denied, to which action the Defendant excepts.)

_____
Judge Presiding

*10*

Cause No. 11,154

STATE OF TEXAS

VS.

RUSSELL DON JOHNSON

IN THE DISTRICT COURT

PALO PINTO COUNTY, TEXAS

29TH JUDICIAL DISTRICT

**MOTION TO**
**PRO-**
**DUCE**

**EXCUL-**
**PATORY**

**AND**

**MITI-**
**GATING**

**EVIDENCE**

Filed

11/02/98

## MOTION TO PRODUCE EXCULPATORY AND MITIGATING EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant by and through his attorney of record and moves this Court to direct the State of Texas, by and through its District Attorney, to disclose to the Defendant herein and to his attorney, any exculpatory or mitigating evidence and/or facts within the possession, custody or control of the District Attorney, or any of its agents, the existence of which is known, or by the exercise of due diligence, may become known to the District Attorney.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be in all things granted.

Respectfully submitted

# FILED

NOV 2 - 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _____ 8:40 _____ PM-AM

_Mike A. Smiddy_
MIKE A. SMIDDY
Attorney for Defendant
2801 Highway 180 East #19
P. O. Box 752
Mineral Wells, Texas  76067
(940) 325-6671
State Bar # 18526450
FAX # (940) 325-0121

## CERTIFICATE OF SERVICE

On this the 28th day of October, 1998, I certify that a true copy of the above was mailed to the Honorable Jerry D. Ray, District Attorney, Palo Pinto County Courthouse, Palo Pinto, Texas 76484.

_Mike A. Smiddy_
MIKE A. SMIDDY

//

## TWENTY NINTH JUDICIAL DISTRICT COURT

**David Cleveland**
**Judge**

**PALO PINTO COUNTY, TEXAS**

**Kim Brooks**
**Court Reporter**

P.O. BOX 187
PALO PINTO, TEXAS 76484
(940) 659-1274

LETTER

APPOINTING

ROBERT

WATSON

AS

ATTORNEY

Filed

11/24/98

November 24, 1998

**FILED**

NOV 24 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _____ 1:30 PM-AM

Mr. Robert Watson
Attorney at Law
P.O. Box 1308
Mineral Wells, TX  76068

RE:  Cause No. 11,154; State of Texas vs. Russell Don Johnson

Dear Mr. Watson:

I have this day appointed you to represent the defendant, Russell Don Johnson, in the above referenced case.  A copy of the indictment is enclosed.  The defendant is in custody.

Very truly yours,

David Cleveland

DC:kab

cc:  Helen Slemmons, District Clerk
     Jerry Ray, District Attorney
     Mike Smiddy, Attorney at Law

12

MOTION

FOR

DISCOVERY,

PRODUCTION

AND

INSPECTION

OF

EVIDENCE

NO. 1

Filed

12/2/98

CAUSE NO. 11,154

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | PALO PINTO COUNTY, TEXAS |
| | § | |
| RUSSELL DON JOHNSON | § | 29TH JUDICIAL DISTRICT |

## MOTION FOR DISCOVERY, PRODUCTION
## AND INSPECTION OF EVIDENCE NO. 1

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RUSSELL DON JOHNSON, the Defendant in the above styled and numbered cause, under the authority of Article 39.14 C.C.P., and makes this his Motion For Discovery, Production and Inspection of Evidence No. 1, and in support thereof would show the Court as follows:

1. All confessions, admissions and statements, in writing, signed by the Defendant, in connection with this offense with which the Defendant is hereby indicted.

2. All confessions, admissions and statements oral in nature and set down and preserved under Article 38.22 of the Texas Code of Criminal Procedure, made by the Defendant in connection with the offense with which the Defendant is hereby indicted.

3. All oral, written and recorded statements of the Defendant, and memoranda of said statements made to any investigating officer or any member of any law enforcement agency, or to any third party, which is in the possession of or within the knowledge of the District Attorney's Office or any agent thereof, including any law enforcement agency.

4. All oral and written statements made by the Defendant before the Grand Jury in connection with the offense with which the Defendant is herein indicted.

5. All handwritten and typed notes made by all law enforcement officers prior to, during and after the Defendant was interrogated; or in the alternative, that all said handwritten and typed notes be accurately preserved and maintained by said law enforcement officers until the trial of this cause in order that same may be available to the Court and the jury on the issue of the voluntariness of the Defendant's statements.



FILED

DEC 2 - 1998

HELEN SLEMMONS

DIST. COURT, PALO PINTO CO., TEXAS

AT

PM/AM

3:35

13

6.   All handwritten and typed notes of the police officers who investigated and participated in any manner in this case.

7.   Any statements, whether written or oral, by the Defendant, all Co-Defendant(s), and the Co-Conspirator(s), either indicted or unindicted, which the State of Texas intends to introduce to show the existence of a conspiracy or evidence of acting in concert, the date of such statements or evidence, the time of such statements or evidence, and the place where such statements or evidence took place.

8.   All statements made by any party or witness to this alleged offense, in the possession of or within the knowledge of the District Attorney or any of his agents, including any law enforcement agency, whether such statements were written or oral, which might in any manner be material to the innocence of the Defendant or to the punishment, if any, to be set in this case.

9.   A written transcription of the testimony of all of the witnesses who appeared and testified before the Grand Jury regarding the facts of this case; or, in the alternative, that the Court order the prosecutor to immediately order said transcription of all of said testimony in order that it will be available and in the possession of the prosecutor at time of trial. In further support of this request, the Defendant submits the following particularized needs:

   a.   To cross examine and impeach said witness;

   b.   To discover prior inconsistent statements;

   c.   To test the credibility of said witness;

   d.   To test recollection of said witness.

10.   All objects and tangible property alleged by the State to have been taken or used by the Defendant or any Co-Conspirator during the course of the commission of the offense with which the Defendant is herein indicted, including but not limited to the following:

   any and all weapons, or instruments allegedly used by Defendant in an assault on the deceased.

11.   All weapons alleged by the State to have been used by the Defendant, each Co-Defendant and each Co-Conspirator in the commission of the offense with which Defendant is herein indicted.

12.   All articles of clothing, including shirts, pants, undergarments and shoes allegedly belonging to the Defendant and to the decedent.

14

13.    All contraband drugs, controlled substances and paraphernalia which was seized as a result of the investigation of this case in order to permit the Defendant to have an opportunity to examine the same and to obtain an expert to examine, test,weight and inspect said evidence. See Determing v. State, 481 S.W. 2d 863; Terrell v. State, 521 S.W. 2d 618.

14.    All documents, papers, books, accounts, letters, objects and tangible things which are in the possession, custody and control of the prosecutor as a result of the investigation in this case and which are material evidence in this case as to the Defendant's innocence, or as to the punishment, if any.

15.    The written waiver alleged by the State to have been signed by the Defendant concerning the Defendant's right to counsel prior to the making of any written and oral statements by the Defendant.

16.    All photographs, drawings and charts made by the agent of the District Attorney's Office or any law enforcement agency, which were made with reference to this case, including but not limited to all photographs, drawings, and charts of the scene of the crime and the scene of the Defendant's arrest.

17.    All photographs of the decedent, whether taken at the scene of the alleged offense, at the scene where the decedent was discovered or at the time the autopsy was performed.

18.    All photographic negative prints whether or not heretofore developed by the agent of the District Attorney or any law enforcement agency which were made in the investigation of this case.

19.    All photographs of suspects which were shown to all witnesses to the alleged offense concerning the identity of the perpetrator of the offense for which the Defendant has been indicted.

20.    All photographs of the Defendant which were used in conjunction with the investigation of this case, including any photograph which may have been shown by any law enforcement officer to any potential witness in this case.

21.    All fingerprints, palm prints, footprints, and reports conducted with respect to said prints, alleged by the State to have been made by the Defendant, each Co-Defendant and each Co-Conspirator, in the commission of the offense with which the Defendant is herein indicted.

22.    All reports of scientific tests, experiments and comparisons, and all other reports of experts and the name and address of each such person who made such report or performed such test, experiment of comparison, including but not limited to reports pertaining to weapons, bullets, shots, waddings, cartridge cases, tool marks, blood,

15

breath, hair, threads, drugs and controlled substances.

23. All autopsy reports based on an examination of the decedent.

24. All medical reports which show or tend to show the physical condition of the (decedent, complainant) at or about the time of the commission of the alleged offense.

25. The blood type of the decedent.

26. All medical and psychiatric reports submitted by any doctor, psychiatrist or psychologist at the request of the State or the Court in conjunction with all examination of the Defendant, the decedent, and all State's witnesses.

27. All evidence as to the incompetency of the Defendant to stand trial which is in the possession of or within the knowledge of the District Attorney's Office or any of its agents.

28. All evidence as to the insanity of the defendant at the time of the alleged commission of the offense charged herein, which is in the possession of or within the knowledge of the District Attorney's Office or any of its agents.

29. The prior criminal record of the following persons:

    a.    The Defendant;
    b.    Each Co-Defendant;
    c.    Each Co-Conspirator;
    d.    The Decedent;
    e.    All State's witnesses;

including all arrests and convictions, whether as a juvenile or as an adult, including but not limited to:

    a.    All felony convictions and all misdemeanor convictions involving moral turpitude which have occurred in the last ten years;

    b.    All felony convictions and all misdemeanor convictions involving moral turpitude which have resulted in a suspended sentence which has not been set aside;

    c.    All felony and misdemeanor cases which have resulted in the person being placed on probation, wherein the period of probation has not expired; and

    d.    All pending felony and misdemeanor offenses.

*16*

That the State should be ordered to request the proper law enforcement authorities to obtain a full and complete criminal record of all such witnesses and reveal same to the Defendant, and the State should not be permitted to respond to this motion by advising the Court that the prosecutor does not have any indication in his file of any prior criminal record of such witnesses.

30.  A written specification of all prior misconduct and evidence of extraneous offense(s) which the State intends to use against the Defendant, which specification should include the date, time, place, and nature of such misconduct and/or extraneous offense(s), in order to fully apprise and notify the Defendant of all such evidence and thus permit the Defendant adequate time to challenge its relevancy, materiality, and probative value prior to trial and to prepare a defense as to such State's evidence.

31.  The prosecutor should be required to identify the location of recovery of all of the times provided to the Defendant pursuant to this motion for discovery. Such information is necessary to determine whether or not such evidence is objectionable at the time of trial on the grounds that the evidence has not been properly identified or that the chain of custody has not been properly proved or that the evidence was taken in violation of the Defendant's rights under the laws and Constitution of the State of Texas and the Constitution of the United States.

32.  That the State forthwith make inquiry and disclose all of the following within the possession, custody or control of the State, or the existence of which is known or by the exercise of due diligence could become known to the State:

a.  All records and information showing a prior criminal record in state or federal court of all State's witnesses. Prior criminal records shall mean (a) all convictions for felonies and misdemeanors, including but not limited to those misdemeanors involving crimes of moral turpitude; (b) all pleas of guilty or nolo contendere which resulted in dispositions of "deferred adjudication" (c) all felony, misdemeanor, and juvenile arrests; (d) all juvenile adjudications.

b.  All records and information revealing prior misconduct or bad acts attributed to all State's witnesses.

c.  All "consideration" or promises of "consideration" given to or on behalf of all State's witnesses or expected or hoped for by said State witnesses. By "consideration" the Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect; leniency favorable treatment or recommendations or other assistance with respect to any pending or potential criminal action, parole, probation, commutation of sentence, pardon, clemency, civil or administrative dispute; criminal, civil, or tax immunity grants or letters of non-prosecution; relief from forfeitures; payments of

*17*

money, rewards or fees, witness fees and special witness fees; provision of food, clothing, shelter, or housing arrangements, transportation, legal services, employment or other benefits; placement in a "witness protection program" informer status of the witness; and anything else which arguably could reveal an interest, motive, or bias in the witness in favor of the State or against the defense or act as an inducement to testify or to color testimony.

d.   All documents, records, memoranda and notes reflecting "consideration" as set forth in paragraph c above. See definition of "documents" under paragraphs 15 and 16 in this motion.

e.   Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with Plaintiff or over which Plaintiff has real, apparent or perceived influence.

f.   The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the Defendants, the investigation, or the facts of this case.

g.   The existence and identification of each occasion on which each witness who was or is an accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

h.   Any and all personnel files for the witness, the existence and identity of all federal, state and local government files for the witness and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

i.   Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the State's evidence or which arguably could lead to such records or information.

j.   The same records and information requested in items a through i above with respect to each non-witness declarant whose statements are offered in evidence.

*18*

## II.

In further support hereof, the Defendant would show this Court that the production of all of the above evidence is the only fair and proper method of showing the good faith of the District Attorney in this case, the truth of all such matter which the District Attorney intends to introduce into evidence against the Defendant, and to insure that the Defendant has adequate time to inspect, examine, and test all of such evidence for its respective validity, authenticity and identity.

## III.

In support of this motion, the Defendant would show the Court as follows:

1.  The items requested are in the exclusive possession, custody and control of the State of Texas or the United States Government by and through its agents, the police or the prosecuting attorney's office, and the Defendant has no other means of ascertaining the disclosures requested.

2.  The items requested are not privileged.

3.  The items and information are material to this cause and the issues of guilt or innocence and punishment to be determined in this cause.

4.  The Defendant cannot safely go to trial without such information and inspection, nor can the Defendant adequately prepare the defense to the charges against him.

5.  That absent such discovery the Defendant's rights under Article 39.14, C.C.P., Article 1, Section 10 of the Constitution of the State of Texas, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America will be violated, to his irreparable injury and thus deprive the Defendant of a fair trial herein.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant this the Defendant's Motion for Discovery and Inspection of Evidence in all things, or in the alternative, that this Court will set this matter down for a hearing prior to trial on the merits and that at such hearing this motion will be in all things granted.

19

Respectfully submitted,

ROBERT F. WATSON
Attorney for Defendant
213 South Oak
P.O. Box 1308
Mineral Wells, Texas 76068
940/325-7511
940/325-7372 (fax)

BY: _____

ROBERT F. WATSON
State Bar No. 20961000

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion For Discovery, Production and Inspection of Evidence No. 1 was delivered to Mr. Jerry D. Ray, District Attorney, Palo Pinto County Courthouse, Palo Pinto, Texas, 76484, on the _____ day of December, 1998.

_____
ROBERT F. WATSON

*20*

RULE

404(b)

REQUEST

FOR

NOTICE

OF

INTENT

TO

OFFER

EXTRA-
NEOUS

CONDUCT

Filed

12/2/98

CAUSE NO. 11,154

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | PALO PINTO COUNTY, TEXAS |
| | § | |
| RUSSELL DON JOHNSON | § | 29TH JUDICIAL DISTRICT |

## RULE 404(b) REQUEST FOR NOTICE OF
## INTENT TO OFFER EXTRANEOUS CONDUCT

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes RUSSELL DON JOHNSON, by and through Attorney of Record and files this

Request for Notice of Intent to Offer Extraneous Conduct pursuant to Rule 404(b) of the Texas

Rules of Criminal Evidence and would show unto the Court the following:

I.

Defendant requests the State to give Defendant a reasonable notice prior to trial of its intent

to offer any extraneous matters or any prior convictions of this Defendant deemed relevant for the

purposes of trial on the merits or during the punishment phase of the trial.

Defendant specifically requests the State to give Defendant reasonable notice in advance of

trial of any extraneous matters relevant to this case.

Respectfully submitted,

ROBERT F. WATSON
Attorney at Law
213 South Oak
P.O. Box 1308
Mineral Wells, Texas 76068
940/325-7511
940/325-7372 (fax)

BY: _____
ROBERT F. WATSON
State Bar No. 20961000

# FILED

DEC 2 - 1998
_____
HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _____ 1:55 PM-AM

21

## CERTIFICATE OF SERVICE

I hereby certify that on the ____ day of December, 1998, a true and correct copy of the above

and foregoing instrument was delivered to Mr. Jerry D. Ray, District Attorney, Palo Pinto County

Courthouse, Palo Pinto, Texas 76484.

ROBERT F. WATSON

22

DEFENDANT'S
REQUEST
FOR
NOTICE
OF
STATE'S
INTENTION
TO
INTRODUCE
EVIDENCE
OF
OTHER
CRIMES,
WRONGS
OR ACTS
(ADJUDI-
CATED
OR
UNADJU-
DICATED)
IN
PUNISHMENT
PURSUANT
TO
ARTICLE
37.07
C.C.P.

Filed
12/2/98

CAUSE NO. 11,154

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | PALO PINTO COUNTY, TEXAS |
| | § | |
| | § | |
| RUSSELL DON JOHNSON | § | 29TH JUDICIAL DISTRICT |

### DEFENDANT'S REQUEST FOR NOTICE OF STATE'S INTENTION TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS (ADJUDICATED OR UNADJUDICATED) IN PUNISHMENT PURSUANT TO ARTICLE 37.07 C.C.P.

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RUSSELL DON JOHNSON, the Defendant in the above-entitled and numbered cause and files this Defendant's Request for Notice of State's Intention to Introduce Evidence of other Crimes, Wrongs or Acts (Adjudicated or Unadjudicated) in Punishment Pursuant to Article 37.07 C.C.P. and in support thereof would show the Court as follows:

I.

That the Defendant has been indicted for a felony offense alleged to have occurred in Palo Pinto County, Texas.

II.

Defendant moves the Court to require the prosecutor to give notice in advance of trial of the State's intent to introduce evidence of other crimes, wrongs or acts (adjudicated or unadjudicated) in punishment pursuant to Article 37.07 C.C.P.

III.

Defendant specifically requests the following:

1.  name of victim;
2.  date of alleged extraneous offense;
3.  county of alleged extraneous offense;
4.  description of the alleged extraneous offense; and

FILED

DEC 2 - 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _1:35_ PM-AM

23

5.    all witnesses to the alleged extraneous offense.

IV.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court require the State to announce its intent to introduce evidence of any extraneous offenses, the subject of this motion.

Respectfully submitted,

ROBERT F. WATSON
Attorney at law
213 South Oak
P.O. Box 1308
Mineral Wells, Texas 76068
940/325-7511
940/325-7372 (fax)

BY: _____
ROBERT F. WATSON
State Bar No. 20961000

## CERTIFICATE OF SERVICE

I certify that on this ____ day of December, 1998, a true and correct copy of the above foregoing has been delivered to Mr. Jerry D. Ray, District Attorney, Palo Pinto County Courthouse, Palo Pinto, Texas, 76484.

_____
ROBERT F. WATSON

24

11,154

CAUSE NO. 11,116

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS. | § | PALO PINTO COUNTY, TEXAS |
| RUSSELL DON JOHNSON | § | 29TH JUDICIAL DISTRICT |

<u>NOTICE</u>

<u>OF</u>

<u>EELCTION</u>

<u>TO</u>

<u>HAVE</u>

<u>JURY</u>

<u>ASSESS</u>

<u>PUNISHMENT</u>

Filed

12/2/98

## NOTICE OF ELECTION TO
## HAVE JURY ASSESS PUNISHMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, RUSSELL DON JOHNSON, Defendant herein, by and through Attorney of Record, ROBERT F. WATSON, and states to the Court in writing his election, at the time he enters his plea of not guilty in open Court, to have his punishment assessed by the same jury which determines his guilt or innocence, should such assessment become necessary.

Respectfully submitted,

ROBERT F. WATSON
Attorney for Defendant
213 South Oak
P.O. Box 1308
Mineral Wells, Texas  76068
940/325-7511
940/325-7372 (fax)

BY: _____
ROBERT F. WATSON
State Bar No. 20961000

**FILED**

DEC 2 - 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _____1:35_____ PM-AM

## CERTIFICATE OF SERVICE

I hereby certify that on the ___7___ day of December, 1998, a true and correct copy of the foregoing Notice of Election to Have Jury Assess Punishment was delivered to Mr. Jerry Ray, District Attorney, Palo Pinto County Courthouse, Palo Pinto, Texas, 76484.

_____
ROBERT F. WATSON

25

CAUSE NO. 11,154

| | | |
|---|---|---|
| STATE OF TEXAS | X | IN THE DISTRICT COURT |
| | X | |
| VS. | X | PALO PINTO COUNTY, TEXAS |
| | X | |
| RUSSELL DON JOHNSON | X | 29TH JUDICIAL DISTRICT |

**FILED**

DEC 1 4 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT ___ 3:20 PM

CHARGE

OF

THE

COURT

AND

FORMS

OF

VERDICT

Filed
12/14/98

<u>CHARGE OF THE COURT</u>

MEMBERS OF THE JURY:

The defendant, Russell Don Johnson, stands charged by indictment with the offense of aggravated robbery alleged to have been committed on or about the 28th day of July, 1998, in Palo Pinto County, Texas. The defendant has pleaded not guilty.

1.

Our law provides that a person commits the offense of robbery if, in the course of committing theft, as that term is hereinafter defined, and with intent to obtain and maintain control of property of another, he intentionally, knowingly or recklessly causes bodily injury to another.

The offense is aggravated robbery if the person committing robbery causes bodily injury to another person 65 years of age or older while so doing.

2.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

3.

"Theft" as used herein is the unlawful appropriation of the corporeal personal property of another, with the intent to deprive such person of said property.

"Appropriation" and "appropriate," as those terms are used herein, mean to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" as used herein means tangible or intangible personal property or documents, including money, that represents or embodies anything of value.

"Deprive" as used herein means to withhold property from the owner permanently.

26

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion or force or threats.

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

"Possession" means actual care, custody, control or management of property.

4.

A person acts intentionally, or with intent, with respect to the nature of his conduct, or to a result of his conduct when it his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

5.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of July, 1998, in Palo Pinto County, Texas, the defendant, Russell Don Johnson, did then and there, while in the course of committing theft of property and with intent to obtain and maintain control of said property, intentionally, knowingly or recklessly cause bodily injury to Jim Pontremoli, a person 65 years of age or older, by striking him in the arm with a wrench, then you will find the defendant guilty of aggravated robbery as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

27

For your guidance in arriving at a verdict in this case, you are also instructed as follows:

(a) You are instructed that you have a right to consider all of the circumstances surrounding the occurrences referred to in this case as shown by the evidence and to draw such reasonable inferences from the facts and circumstances proven, if any, as are natural, and reasonably follow therefrom; however, you are instructed that you cannot presume any fact against the defendant, but that you must resolve every reasonable doubt in favor of the defendant.

(b) All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty."

(c) You are instructed that you are not to allow yourselves to be influenced to any degree whatsoever by what you may think or surmise the opinion of the Court to be respecting any matter of fact involved in this case. If you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it. You

*28*

should not attempt to satisfy what you may think or fancy to be the opinion of any person connected with the trial of this case, but your verdict, whatever it may be, must be the result of your deliberate judgment based solely upon the law as given you in charge by the Court and the evidence submitted under the rulings of the Court.

(d)  You are instructed that you should not question the bailiff concerning the testimony or the law of the case, nor should you discuss the case in his or her presence.  If you have any questions, you should reduce them to writing, be signed by your presiding juror, and present them to the Court.

(e)  You are instructed that any statements of counsel, made during the course of the trial or during argument, not supported by the evidence, or statements made by counsel, not in harmony with the law as stated to you by the Court in these instructions, are to be wholly disregarded.

(f)  You are instructed that the indictment in this case is not any evidence of the defendant's guilt; and no juror should permit himself to be to any extent influenced against the defendant because of said indictment.

(g)  You are instructed that it is the purpose of the law to try a case solely on the law and the evidence.  You can only consider facts and circumstances in evidence, and you must not consider or receive from any source facts or circumstances that have not been introduced by testimony before you.  It is not proper for any juror to discuss or to mention to any other juror anything which he may have heard or read on the outside of the case.  If any juror should discover that he has any outside information or has heard anything concerning the parties to the case, or any of the witnesses, or anything concerning the case, such juror should not impart such outside information to any other juror, nor should he consider the same himself in arriving at a verdict.

(h)  Our law provides that a defendant may testify in his own behalf if he elects to do so.  This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.  In this case the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby.

After the argument of counsel, you will retire, select one of your number presiding juror and consider your verdict and as you find, so say, and write your verdict on a separate piece of paper. Your verdict must be unanimous, and be in writing, and signed by your presiding juror.

JUDGE PRESIDING

VOL. 45 PAGE 794

## FORMS OF VERDICT

We, the jury, find the defendant, Russell Don Johnson,  not guilty.

_____
PRESIDING JUROR

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

We, the jury, find the defendant, Russell Don Johnson, guilty of the offense of aggravated robbery, as alleged in the indictment.

*Jackie L. Barrott*
PRESIDING JUROR

*Verdict accepted December 14, 1998 at 4:50 P.M.*

*David Cleveland*

31

CAUSE NO. 11,154

| STATE OF TEXAS | X | IN THE DISTRICT COURT |
| | X | |
| VS. | X | PALO PINTO COUNTY, TEXAS |
| | X | |
| RUSSELL DON JOHNSON | X | 29TH JUDICIAL DISTRICT |

FILED

DEC 15 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO, TEXAS
AT 2:35 P.M./A.M.

CHARGE

OF

THE

COURT

ON

PUNISHMENT

AND

FORMS

OF

VERDICT

Filed

12/15/98

### CHARGE OF THE COURT ON PUNISHMENT

MEMBERS OF THE JURY:

By your verdict returned in this case you have found the defendant guilty of the offense of aggravated robbery, which was alleged to have been committed on or about the 28th day of July, 1998, in Palo Pinto County, Texas. It is necessary now that the jury assess and fix punishment for this offense.

You are instructed that the punishment for aggravated robbery is confinement in the Institutional Division of the Texas Department of Criminal Justice for life, or any term of not more than ninety-nine (99) years or less than five (5) years; in addition, if you choose to assess a fine in addition to such confinement, you will assess such fine in an amount not to exceed $10,000.

You are further instructed that in fixing the defendant's punishment, which you will show in your verdict, you may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and the law as submitted to you in this charge.

In arriving at the amount of punishment it will not be proper for you to fix the same by lot, chance or any other method than by a full, fair and free exercise of the opinion of the individual jurors.

You are instructed that the defendant may testify in his own behalf if he chooses to do so, but if he elects not to do so, that fact cannot be taken by you as a circumstance against him nor prejudice him in any way. The defendant has elected not to testify in this punishment phase of trial, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever.

Under the law applicable to this case the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct,

prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable to this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to imprisonment, because the application of these laws will depend upon decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole law may be applied to this particular defendant.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

Your verdict, whatever it may be, must be by unanimous vote of all twelve jurors.

JUDGE PRESIDING

33

## FORMS OF VERDICT

We, the jury, having found the defendant, Russell Don Johnson, guilty of the offense of aggravated robbery, as alleged in the indictment, now assess his punishment at _____ 3D YEARS _____

(Write in Life, or any term of not more than 99 years or less than 5 years.)

confinement in the Institutional Division of the Texas Department of Criminal Justice.

We also assess a fine of $ ___ NoNE ___.

(Fill in amount or "none.")

*Jackie L Barnett*

PRESIDING JUROR

*Verdict accepted December 15, 1998 at 8:25 P.m.*

*David Clundid*

*34*

CAUSE NO. 11,154

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE DISTRICT COURT |
| | )( | |
| VS. | )( | PALO PINTO COUNTY, TEXAS |
| | )( | |
| RUSSELL DON JOHNSON | )( | 29TH JUDICIAL DISTRICT |

EXHIBIT
LIST

Filed

12/15/98

## EXHIBIT LIST

### State's Exhibits

No. 1 - Photograph
No. 2 - Photograph
No. 3 - Photograph
No. 4 - Photograph
No. 5 - Photograph
No. 6 - Photograph
No. 7 - Photograph
No. 8 - 36 inch pipe wrench
No. 9 - Pontromeli hospital records
No. 10 - Pontromeli hospital records
No. 11 - Subpoena for Davis
No. 12 - (Not admitted)
No. 13 - Stipulation of Evidence (Juvenile record)
No. 14 - Judgment (Cause No. 444 - Juvenile)
No. 15 - TYC Commitment
No. 16 - (Not admitted)
No. 17 - Judgment in Cause No. 10,690
No. 18 - Probation Revocation in Cause No. 10,690

### Defendant's Exhibits

No. 1 - Order of Parentage

FILED
DEC 15 1998
Helen Slemmons
HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT _____ 3:55 _____ PM-AM

By: SR / Deputy

_Kim Brooks_                    12/15/98
Kim Brooks, Official Court Reporter      Date
29th Judicial District
Palo Pinto County, Texas

Exhibit No. 8 in
Reporter's Storeroom        35

CAUSE NO. 11154

<table>
<tr><td>JUDGMENT</td><td></td><td></td></tr>
<tr><td>ON</td><td></td><td></td></tr>
<tr><td>JURY</td><td>STATE OF TEXAS</td><td>*</td><td>IN THE DISTRICT COURT</td></tr>
<tr><td>VERDICT</td><td>VS.</td><td>*</td><td>PALO PINTO COUNTY, TEXAS</td></tr>
<tr><td>OF</td><td>RUSSELL DON JOHNSON</td><td>*</td><td>29TH JUDICIAL DISTRICT</td></tr>
<tr><td>GUILTY</td><td></td><td></td></tr>
</table>

**JUDGMENT ON JURY VERDICT OF GUILTY**
**PUNISHMENT FIXED BY COURT OR JURY – NO PROBATION GRANTED**

PUNISHMENT

FIXED

BY  Judge Presiding:  Honorable David Cleveland

COURT  Date of Judgment:  December 14, 1998

OR  Attorney for State:  Jerry D. Ray, District Attorney

JURY  Attorney for Defendant:  Robert F. Watson, Appointed

NO  Offense Convicted of:  Aggravated Robbery, an offense described and defined in Art. 42.12 Sec.

PROBATION 3g(a)(1)(F), Texas Code of Criminal Procedure

GRANTED  Degree of Offense:  First Degree Felony

Filed  Date Offense Committed:  July 28, 1998

12/16/98  Charging Instrument:  Indictment

Plea:  Not Guilty

Jury Verdict:  Guilty

Presiding Juror:  Jackie L. Barrett

Plea to Enhancement Paragraph(s):  N/A

Jury Verdict on Enhancement Paragraph(s);  N/A

Findings on Use of Deadly Weapon:  Affirmative, to-wit: a pipe wrench which in the manner of its use or intended use is capable of causing death or serious bodily injury.

Punishment Assessed By:  Jury

**FILED**

DEC 16 1998

HELEN SLEMMONS
DIST. COURT, PALO PINTO CO., TEXAS
AT  10:50  PM-AM

36

Date Sentence Imposed:  December 15, 1998

Costs:  $206.25 court costs

Punishment and Place of Confinement:   Thirty (30) years I.D.T.D.C.J.

Date to Commence:  December 15, 1998

Time Credited:  August 3, 1998 thru December 15, 1998 = 135 days

Concurrent Unless Otherwise Specified:   Which said punishment shall not begin until the defendant successfully completes and receives full credit for the ten (10) years punishment assessed in Cause No. 10690 styled State of Texas vs. Russell Don Johnson in the 29th Judicial District Court of Palo Pinto County, Texas.

Total Amount of Restitution: $206.25

Restitution to be paid to:

On the 14th day of December, 1998, this cause was called for trial, and the State appeared by the above named attorney, and the Defendant appeared in person in open Court, the above named counsel for Defendant also being present, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant is mentally competent to stand trial, both parties announced ready for trial and thereupon a jury, to-wit, the above named presiding juror and eleven others were duly selected, impaneled and sworn, and the Indictment was read before the jury and the Defendant's plea thereto was entered as shown above, and the evidence having been submitted, and the jury having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into open Court, the Defendant and Defendant's counsel being present, and returned into open Court the verdict set forth above, which was received by the Court and is herenow entered upon the minutes of the Court as shown above.

Thereupon, the Defendant elected to have punishment assessed by the jury and the jury was called back and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question, and after having deliberated, they returned into Court the verdict shown under punishment above.

IT IS, THEREFORE, ADJUDGED AND ORDERED by the Court, in the presence of the Defendant and his attorney, that the said verdict be, and the same is hereby in all things approved and confirmed, and the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and it is adjudged that said Defendant is sentenced in open Court, he and his attorney being present, to a term of imprisonment, as set forth above, and it is ordered that said Defendant shall be delivered by the Sheriff of this county to the Director of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas, or other person legally authorized to receive such convicts, to serve the punishment assessed herein, and the said

37

Defendant shall be confined in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty (30) years in accordance with the provisions of law governing such punishment and according to the rules and regulations of the Institutional Division of the Texas Department of Criminal Justice.

And the said Defendant is remanded to jail until said Sheriff can obey the direction of this judgment and order herein.

Fingerprint from right/~~left~~ thumb
Of Defendant:



_____
PRESIDING JUDGE

_December 16, 1998_
DATE

Notice of Appeal:

_____

38

CAUSE NO. <u>11,154</u>

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **PALO PINTO COUNTY, TEXAS** |
| | § | |
| **RUSSELL DON JOHNSON** | § | **29TH JUDICIAL DISTRICT** |

<u>NOTICE</u>
<u>OF</u>
<u>APPEAL</u>

Filed

12/29/98

## <u>NOTICE OF APPEAL</u>

Now comes RUSSELL DON JOHNSON, Defendant in this Cause No. 11,154 and files this Notice of Appeal to the Court of Appeals in Eastland, Texas and would show unto the Court the following:

I.

On December 15, 1998, on a plea of not guilty to the offense of Aggravated Robbery, this Defendant was found guilty and sentenced to (30) thirty years in prison in this Cause No. 11,154.

II.

Defendant hereby gives this his written Notice of Appeal of the verdict and sentence from the 29th Judicial District Court in Palo Pinto County, Texas to the Court of Appeals in Eastland, Texas.

Respectfully submitted,

ROBERT F. WATSON
Attorney at Law
P.O. Box 1308
Mineral Wells, Texas 76068
940/325-7511
940/325-7372 (fax)
SBN: 20961000

RUSSELL DON JOHNSON

FILED

DEC 29 1998
Helen Slemmons
DIST. COURT, PALO PINTO CO., TEXAS
AT ___3:55___ PM-AM
By: SR/Roberson

39

## CERTIFICATE OF SERVICE

I hereby certify that on this _23_ day of December 1998, a true and correct copy of the foregoing instrument was delivered to Mr. Jerry D. Ray, District Attorney, Palo Pinto County, Texas 76484.

ROBERT F. WATSON

2

40

DOCKETING CERTIFICATE TO BE FILED WITH NOTICE OF APPEAL IN THE 11TH COURT OF APPEALS
P. O. BOX 271, EASTLAND, TX 76448 (INCLUDE COPY OF FILE-STAMPED NOTICE OF APPEAL)

*(PLEASE SEND SEPARATE CERTIFICATE FOR EACH CASE APPEALED)*

DOCKETING

CERTIFICATE  RUSSELL DON JOHNSON _____ Vs. ___ State of Texas _____

In the __29TH JUDICIAL DISTRICT__ Court of ____PALO PINTO____ County.

Filed

1/6/99  Trial Court No. _11,154_____ 11th Court of Appeals No. _____
To be filled in by Court of Appeals

The Records in my office show the following in the above cause:

1.  Appellant incarcerated?  Yes _X_  No ____  Date: _12/14/98_

2.  Offense: _AGGRAVATED ROBBERY, AN OFFENSE DESCRIBED AND DEFINED IN ART. 42.12 SEC. 3g(a)(1)(F), TEXAS CODE OF CRIMINAL PROCEDURE_

3.  Punishment: _THIRTY (30) YEARS I.D.T.D.C.J._

4.  Trial Court Judge: _____HONORABLE DAVID CLEVELAND_____

5.  Court Reporter & Address: _KIM BROOKS, PO BOX 187, PALO PINTO, TX 76484_

6.  Name & Address of Attorney on Appeal: ____ROBERT F. WATSON____
    _PO BOX 1308, MINERAL WELLS, TX 76068_
    Appointed ( )        Retained ( )
    Bar Card Number _20961000___  Telephone No.: _940/325-7511_

7.  Name & Address of Attorney for the State on Appeal: __JERRY D. RAY__
    _PO BOX 340, PALO PINTO, TX 76484_
    Bar Card Number _16604500___  Telephone No.: _940/659-1251_

8.  Date sentenced in open court or date other order signed: _DECEMBER 14, 1998_

9.  Motion for New Trial filed: No _X_  Yes ____  Date filed: _____
    Note: If a Motion for New Trial was filed *after* the Notice of Appeal, please give written notice to the Court of Appeals immediately.

10. Date Notice of Appeal filed: ___DECEMBER 14, 1998_

11. The Sentence did ____ did not _X_ follow a plea bargain after a plea of guilty or no contest was entered before the Court.

12. Defendant has _X_ has not ____ been declared unable to pay costs.

13. If 2 or more cases were tried together (SAME DEFENDANT) list case numbers only:
    _____

14. If Companion Case, list docket number and defendant's name:
    _____

WITNESS MY HAND THIS _6TH_ DAY OF _JANUARY_ 1999

_HELEN SLEMMONS_ , Clerk of the _29TH JUDICIAL DISTRICT_ Court of

_PALO PINTO_ County, Texas. BY: _Linda B. Hunsinger_ Deputy.

The State of Texas     X

County of Palo Pinto     X

**Clerk's Certification of Record**

I, <u>HELEN SLEMMONS</u>, Clerk of the <u>29th Judicial District</u> Court of <u>Palo Pinto</u> County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b)

GIVEN UNDER MY HAND AND SEAL at my office in <u>Palo Pinto</u> County, Texas this <u>9TH</u> day of <u>FEBRUARY</u>, <u>1999</u>.

<u>HELEN SLEMMONS, Clerk</u>
29th Judicial Court
Palo Pinto County, Texas

By: <u>Linda G. Hunsinger</u>
       Deputy

42