IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUSSELL DON JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 4:16-CV-1067-Y |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**SUPPLEMENTAL ORDER TO SHOW CAUSE**

Petitioner is serving a 30-year sentence on his 1998 conviction in the 29th Judicial District Court, Palo Pinto County, Texas, Cause No. 11154, for aggravated robbery. (Clerk's R. 36-37, ECF No. 12-3.) The trial court's judgment included a cumulation order providing that his 30-year sentence "shall not begin until the defendant successfully completes and receives full credit for the ten (10) years['] punishment assessed in Cause No. 10690 styled State of Texas vs. Russell Don Johnson in the 29th Judicial District Court of Palo Pinto County, Texas." (*Id.* at 37.) In his habeas petition, Petitioner claims that the cumulation order violated due process and his right to be heard because the trial court did not order the sentences to be cumulated when the sentence was pronounced but added the cumulation order on the written judgment entered the next day when he had already began to serve his 30-year sentence. (Pet. 6, ECF No. 1; Pet'r's Mem. 1-2, ECF No. 1.) Respondent claims the petition is untimely under 28 U.S.C. §

2244(d)(1)(A) and/or (D) because Petitioner admits that he received a copy of the judgment on December 16, 1998, and, thus, was aware of the factual predicate of his claim on that date. (Resp't's Preliminary Answer 5-6, ECF No. 11.) A review of the pleadings and state-court records indicates however that the petition may be untimely under 28 U.S.C. § 2244(d)(1)(B) based on the misinformation provided to Petitioner by TDCJ that his sentence was running concurrently to his 10-year sentence in Cause No. 106090. *See Cochran v. Quarterman,* No. 2:07-CV-0068, 2008 WL 4392117, at *5-12 (N.D.Tex. Sept. 26, 2008). Accordingly, it is ORDERED:

1. Respondent shall file a supplemental answer within a period of 30 days from the date of this order addressing whether the petition is timely under § 2244(d)(1)(B).

2. Respondent may raise any additional procedural defenses upon which she wishes to rely but is specifically instructed to address Petitioner's claim on the merits to prevent further delay in the resolution of this petition.

3. The supplemental answer shall be accompanied by any additional exhibits or state-court records that may be pertinent to Respondent's discussion that have not already been filed, and shall contain complete and accurate record references wherever applicable.

4. Petitioner is not required to but may file a reply brief to Respondent's supplemental answer within a period of 30 days

2

following service of Respondent's supplemental answer. Any such reply should include an explanation regarding whether Petitioner was advised regarding, and understood the meaning of, the cumulation order upon receipt of a copy of the judgment on December 16, 1998; why Petitioner did not challenge the cumulation order sooner given the discrepancy between the judgment and TDCJ's calculation of his sentences; and whether he has exhausted all state court and/or administrative remedies as to his claim.

The clerk of Court is directed to serve a copy of this order upon Respondent and to mail a copy of the order to Petitioner.

SIGNED September 8, 2017.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

3