IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUSSELL DON JOHNSON, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 4:16-CV-1067-Y | |
| § | ECF | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions § | | |
| Division, § | | |
| Respondent. § | | |

**RESPONDENT DAVIS'S SUPPLEMENTAL ANSWER
WITH BRIEF IN SUPPORT**

This is a habeas corpus case brought by a Texas state prisoner under 28 U.S.C. §§ 2241, 2254. Petitioner Russell Don Johnson was convicted of aggravated robbery and sentenced to thirty years' imprisonment. Respondent Lorie Davis (the Director) previously filed a preliminary answer to Johnson's petition. ECF No. 11. The Director herein incorporates by reference the previously-filed response and reiterates that the petition should for those reasons be dismissed with prejudice because it is time barred. ECF No. 11.

The Court has since ordered the Director to file a supplemental answer (1) "addressing whether the petition is timely for purposes of 28 U.S.C. § 2244(d)(1)(B)"; (2) raising "any additional procedural defenses"; (3) responding to "Petitioner's claim on the merits"; and (4) providing any exhibits or state-

court records that have not already been filed and that may be relevant to the claim. ECF No. 15. Accordingly, the Director now files the instant supplement.

## SUPPLEMENTAL ANSWER

### I. Section 2244(d)(1)(B) does not render the petition timely.

In relevant part, the AEDPA statute of limitations provides that the one-year period may run from "the date on which the impediment to filing an application created by State action in violation of the laws of the United states is removed, *if the applicant was prevented from filing by such State action.*" 28 U.S.C. § 2244(d)(1)(B) (emphasis added). To invoke tolling under § 2244(d)(1)(B), a petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Johnson alleges that for years following his 1998 sentencing he received TDCJ time slips reflecting that he was concurrently serving thirty years' imprisonment (for the instant, 1998 conviction) and ten years' imprisonment (for his 1996 conviction in Palo Pinto County Cause No. 10690). ECF No. 13. Johnson further alleges that TDCJ in 2015 first realized that his sentences were cumulated and that TDCJ in 2016 first "notified" him of this cumulation. ECF No. 13; *see* ECF No. 1. Nevertheless, as stated in the Director's original response, Johnson concedes that "[o]n 12-16-1998 a written judgment was brought to me which had a cumulation order on it." ECF No. 1 at 6. And

moreover, Johnson's instant claim centers around the disparity in what was pronounced in open court, on December 15, 1998, and what was ordered in the trial court's judgment, which he received on December 16, 1998. *See* ECF No. 1 at 1, 11–12; ECF No. 13; 5 RR 1, 113; CR 36–38.[1] Johnson would have been aware of, and could have raised, his instant claim as early as December 16, 1998. Johnson certainly—as the Texas Court of Criminal Appeals (TCCA) pointed out on state habeas review—could have raised this claim on direct appeal. *See* SHCR at Instruments 1, 5. As such, even assuming *arguendo* that TDCJ erroneously ran Johnson's sentences concurrently for some years after that, Johnson has not proven that this *prevented* him from timely filing a federal petition raising his instant claim. Johnson's claim is not rendered timely under § 2244(d)(1)(B).

## II. Insofar as Johnson raises a due process claim, it is unexhausted and procedurally barred.

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989);

---

[1] Johnson's state court records were filed alongside the Director's original answer in this proceeding. "RR" refers to the Reporter's Record in Palo Pinto County Cause No. 11154, preceded by the volume number and followed by the page number(s). "CR" refers to the "Clerk's Record" in the same proceeding, followed by the page number(s). "SHCR" refers to *Ex parte Johnson*, No. 85,188-01, followed by the page number(s). The Director further notes that, as provided to the Director, Johnson's state habeas application is indexed only by "Instrument Number" rather than specific page numbers. The Director's citations reflect this.

*Anderson v. Harless*, 459 U.S. 4, 6 (1982). To satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals (TCCA) is the highest court in the state of Texas. *Richardson*, 762 F.2d at 431.

All the grounds raised in a federal habeas petition must also have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id.* at 275–77. Factual allegations that are asserted for the first time in a federal habeas petition have not been fairly presented to the state courts. *Dowthitt v. Johnson*, 230 F.3d 733, 745–46 (5th Cir. 2000) (citing *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996)); and *Young v. Lynaugh*, 821 F.2d 1133, 1139 (5th Cir. 1987)). Similarly, where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). Importantly here, a federal claim is not exhausted if it has been

presented to the state courts using only a state-law basis. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam).

Furthermore, a federal court may find a claim procedurally barred from federal review even though the state courts have not considered the claim. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). That is, the normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id.* In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (same).

Here, in the memorandum accompanying his federal habeas petition, Johnson alleges, in relevant part, that the "[j]udgement imposing consecutive sentences despite an earlier pronouncement of concurrent sentences, violated due process rights to notice and an opportunity to be heard." ECF No. 1 at 11. Johnson did not file a petition for discretionary review (PDR) in the TCCA.

Exhibit A.[2] Johnson raised claim related to his sentence cumulation in his state habeas application; but there, Johnson did not allege a due process violation. SHCR at Instrument 1.[3] Should Johnson attempt to exhaust this constitutional claim by presenting it to the TCCA, that court would find it procedurally barred under Texas's abuse of the writ doctrine, codified at Tex. Code Crim. P. Ann. art. 11.07. For this Court to reach the merits of Johnson's claim, then, he must establish cause for the default and actual prejudice because of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Johnson has not even attempted to make the requisite showing of cause and prejudice. Thus, his due process claim should be dismissed with prejudice.

### III.   Johnson's claim is otherwise procedurally barred.

As indicated above, a federal court may not grant federal habeas relief where the state court expressly and unambiguously denied a claim based on an independent and adequate state procedural rule. *Coleman*, 501 U.S. at 730. And where a state court has explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas relief absent a showing of cause for the

---

[2]  The Director's original answer in this proceeding was accompanied by an affidavit reflecting that Johnson did not file a PDR in TCCA. ECF No. 11 at Exhibit A).
[3] As previously noted, Johnson's state court records were filed alongside the Director's original answer in this proceeding. "SHCR" refers to *Ex parte Johnson*, No. 85,188-01, followed by the page number(s). The Director further notes that, as provided to the Director, Johnson's state habeas application is indexed only by "Instrument Number" rather than specific page numbers. The Director's citations reflect this.

default and actual prejudice that is attributable to the default or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Id.* at 750.

Here, again, Johnson previously challenged his sentence cumulation only in his state habeas application. Exhibit A; SHCR at Instrument 1. The state habeas court entered an order finding that "[a]ll grounds raised by Applicant in his Writ Application either were or could have been raised on direct appeal." SHCR at Instrument 5. In denying relief, the TCCA adopted the state habeas court's findings. SCHR at Action Taken. The TCCA's application of a procedural bar to review of the claim presented in that application similarly bars them from federal habeas review. As above, Johnson has not even attempted to demonstrate cause for, or prejudice due to, his default. Thus, insofar as his instant claim was properly and fairly raised to the TCCA, it should be dismissed with prejudice as procedurally barred.

### IV. Johnson's claim is not cognizable and, moreover, precluded from relief under *Teague*.

In the instant petition, Johnson challenges his thirty-year sentence in Palo Pinto County, Texas, cause number 11154, alleging that it was illegally cumulated with his earlier ten-year sentence in Palo Pinto County, Texas, cause number 10690 because the cumulation was not pronounced when he was sentenced in open court but was subsequently ordered in the written judgment.

7

ECF No. 1 at 1, 11–12. In part, Johnson specifically alleges that the "[j]udgement imposing consecutive sentences despite an earlier pronouncement of concurrent sentences violated due process rights to notice and an opportunity to be heard." ECF No. 1. at 11. Because Johnson ultimately challenges the state-court procedure by which he received a cumulated sentence, his claim is not cognizable. And moreover, even insofar as Johnson invokes the federal Due Process Clause, he fails to establish a claim that is actionable in federal habeas corpus.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993) (finding that federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented). Johnson's instant claim challenges the state-court procedure by which his sentence in the instant case was stacked onto a sentence he had previously received. The Fifth Circuit has held that the issue of whether sentences are properly concurrent or stacked is strictly a matter of state procedure that is not cognizable on federal habeas corpus. *Johnson v. Beto*, 383 F.2d 197 (5th Cir. 1968); *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996).

Further still, barring a rare exception, the federal courts may not create or retroactively apply new constitutional rules during a federal habeas proceeding. *See Teague v. Lane*, 489 U.S. 288, 311–316 (1989) (declining to apply a new constitutional rule urged by the inmate). A rule is new when it would clearly overrule prior precedent. *Saffle v. Parks*, 494 U.S. 484, 488 (1990). A rule is also new when the result would not have been "apparent to all reasonable jurists" considering existing precedent. *Lambrix v. Singletary*, 520 U.S. 518, 527–28 (1997); *cf. Lafler v. Cooper*, 132 S. Ct. 1376, 1392 (2012) (Scalia, J., dissenting) ("Is it constitutional, for example, for the prosecution to withdraw from a plea offer that has already been accepted?"). There is no constitutional rule that supports Johnson's argument that the state-court procedure by which his sentences were cumulated resulted in the denial of his federal due process rights to notice and an opportunity to be heard. *See, e.g.,* 6 Wayne R. LaFave, Jerold H. Isreal, Nancy J. King & Orin S. Kerr, Criminal Procedure § 26.4(g) (4th ed. 2016) (reviewing Supreme Court precedent considering a criminal defendant's rights at sentencing, as a matter of federal due process, to allocution and to present evidence). Unless Johnson can demonstrate that his new rule is a "watershed rule[] of criminal procedure" or places "conduct beyond the power of the criminal law-making authority to proscribe," his claim is at an end. *Teague*, 489 U.S. at 311 (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons and those set forth in the Director's original response, ECF No. 11, the Director respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice as untimely. Alternatively, the Director respectfully requests that the petition be dismissed with prejudice because the claim presented is procedurally barred. In the final alternative, the Director respectfully requests that the petition be dismissed with prejudice for failing to establish an actionable ground for federal habeas relief.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Casey Solomon
CASEY SOLOMON*
*Attorney in Charge          Assistant Attorney General
State Bar No. 24078721

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (fax)
ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing has been served by placing it in the United States mail, postage prepaid, on October 9, 2017, addressed to:

Russell Don Johnson
TDCJ No. 855572
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

                                                  s/ Casey Solomon
                                                  CASEY SOLOMON
                                                  Assistant Attorney General