```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

RUSSELL DON JOHNSON,           §
                               §
          Petitioner,          §
                               §
v.                             §    No. 4:16-CV-1067-Y
                               §
LORIE DAVIS, Director,         §
Texas Department of Criminal   §
Justice, Correctional          §
Institutions Division,         §
                               §
          Respondent.          §
```

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Russell Don Johnson, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

### I. Factual and Procedural History

On December 14, 1998, in the 29th Judicial District Court, Palo Pinto County, Texas, Cause No. 11154, Petitioner was convicted of aggravated robbery by a jury and sentenced to 30 years' confinement. (Clerk's R. 36-37, doc. 12-3.) Although there was no oral pronouncement of cumulation at Petitioner's sentencing, the trial court's written judgment included a cumulation order providing that his 30-year sentence "shall not begin until the

defendant successfully completes and receives full credit for the ten (10) years punishment assessed in Cause No. 10690 styled State of Texas vs. Russell Don Johnson in the 29th Judicial District Court of Palo Pinto County, Texas." (Clerk's R. 37, doc. 12-3.) On December 16, 1998, a written copy of the judgment was "brought" to Petitioner, "which had a cumulation order on it." (Pet. 6, doc. 1.) Petitioner appealed, but did not raise an issue regarding the cumulation order. On January 4, 2001, the appellate court affirmed the trial court's judgment. (Op. & J., doc. 12-5.) Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Pet. 3, doc. 1.)

According to Petitioner, his sentences were run concurrently by TDCJ for 17½ years and his time slips reflected that the sentences were concurrent. (*Id.* at 6; Pet'r's Resp. 1, doc. 13.) He asserts that it was not until his file was audited on December 8, 2015, that TDCJ first discovered, and he was first made aware of, the "illegal" cumulation. (Pet'r's Resp. 1-2, doc. 13.) On May 22, 2016, Petitioner filed a state habeas-corpus application challenging the cumulation order.[1] (WR-85,188-01 Writ 8, 19, doc.

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Although the document does not reflect the date Petitioner placed the document in the prison mailing system, he signed the "Inmate's Declaration" on May 22, 2016. For purposes of this opinion, the petition is considered filed on that date.

2

12-15.[2]) The state habeas court found that Petitioner's claims were or could have been raised on direct appeal, and the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. (*Id.* at 29 doc. 12-15.) This federal petition challenging the cumulation order was filed on October 14, 2016.[3]

## II. Issues

In one ground, Petitioner claims that the cumulation order violated due process and his right to be heard because the trial court did not order the sentences to be cumulated when the sentence was orally pronounced but added the cumulation order on the written judgment entered the next day after he had already began to serve his 30-year sentence. (Pet. 6, doc. 1; Pet'r's Mem. 1-2, doc. 1.) Respondent contends that the petition is untimely under the federal statute of limitations or, in the alternative, that Petitioner's claim is unexhausted and procedurally barred or not cognizable on federal habeas review. (Resp't's Preliminary Answer 3-6, doc. 11; Resp't's Suppl. Answer 2-9, doc. 15.)

## III.  Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year

---

[2]The state court record is not paginated; thus, the pagination in the ECF header is used.

[3]Petitioner's federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

For purposes of invoking subsection (D), Petitioner asserts that he was first notified by TDCJ on January 7, 2016, eight days before he was to be released on parole, of his sentence recalculation. (Pet'r's Resp. 1-2, doc. 13.) Thus, he argues that "the first factual date in writing that [he] could secure, Dec 8th

4

2015 is the date of initial knowledge of sentences being cumulated [and] therefore [he] is within his one year statute of limitations." (*Id.* at 2.) On the other hand, Respondent argues that Petitioner concedes that he received a copy of the written judgment on December 16, 1998, "which had a cumulation order on it," and, thus, he was aware of the factual predicate of his claim as early as December 16, 1998. (Resp't's Suppl. Answer 2-3, doc. 15; Pet. 6, doc. 1.) Respondent also argues that because Petitioner was aware of the disparity in what was pronounced in open court on December 15, 1998, and what was ordered in the trial court's judgment, which he admittedly received on December 16, 1998, TDCJ's erroneous information did not prevent him from timely filing a federal petition raising his claims. (*Id.* at 3.)

If not for Petitioner's admission that he received a copy of the written judgment containing the alleged improper cumulation order on December 16, 1998, this Court might have been persuaded by Petitioner's argument, for which he has provided documentary evidence. However, his actual knowledge of the cumulation order fails to render his petition timely under either subsection (B) or (D) and defeats any argument in favor of equitable tolling. *Cf. Cochran v. Quarterman,* No. 2:07-CV-0068, 2008 WL 4392117 (N.D.Tex. Sept. 26, 2008).

Instead, subsection (A) applies in this case. Under that provision, the judgment became final upon expiration of the time

5

that Petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on February 3, 2001. Therefore, limitations began the next day and closed one year later, on February 3, 2002, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner's state habeas application, filed on May 22, 2016, after limitations had already expired, did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). And his knowledge of the cumulation order and extreme delay mitigate against equitable tolling. Equity is not intended for those who sleep on their rights. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Accordingly, Petitioner's federal petition was due on or before February 3, 2002. His petition filed on April 17, 2017, is therefore untimely.[4]

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time barred.

---

[4] The Court notes that even if the petition were timely filed, cumulation of sentences is a matter of Texas law. *See Campbell v. Stephens,* No. 2:10-CV-0271, 2014 WL 1116359, at *7 (N.D.Tex. Mar. 20, 2014). When there has been a violation of state law or procedure, the proper inquiry on federal habeas review is to determine whether there has been a constitutional infraction of the petitioner's due-process rights which would render the trial as a whole fundamentally unfair. *Id.* (quoting *Nelson v. Estelle,* 642 F.2d 903, 906 (5th Cir. Unit A Apr. 1981) (in turn citing *Donnelly v. De Christoforo,* 416 U.S. 637, 645 (1974) (internal quotation marks omitted)); *Dunigan v. Stephens,* No. 3:13-CV-3992-M-BN, 2015 WL 3504530, at *9 (N.D. Tex. May 12, 2015), report and recommendation adopted, No. 3:13-CV-3992-M, 2015 WL 3507709 (N.D. Tex. June 3, 2015); *McBreen v. Quarterman,* No. 3:06-CV-2154-B, 2009 WL 1181062, at *20 (N.D.Tex. Apr. 30, 2009). Petitioner has made no such showing.

6

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable

7

jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED January 17, 2018.

                                                  /s/ Terry R. Means
                                                  TERRY R. MEANS
                                                  UNITED STATES DISTRICT JUDGE